**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C.,   ) | |
|                                ) | |
|      Plaintiff,           ) | Case No.: 1:17-cv-3273-SEB-DML |
|                                ) | |
|      v.                   ) | Honorable Sarah Evans Barker |
|                                ) | |
| JAMES BURKHART, et al.       ) | Honorable Debra McVicker Lynch |
|                                ) | |
|      Defendants.       ) | |
|                                ) | |

**CASE MANAGEMENT PLAN**

I.     <u>**Parties and Representatives**</u>

        A.     Plaintiff: American Senior Communities, L.L.C. ("ASC")

        B.     Defendants:
             a.   James Burkhart
             b.   Daniel Benson
             c.   Roger Werner
             d.   Steven Ganote
             e.   Joshua Burkhart
             f.   ACCD LLC (d/b/a Crusader Healthcare Services III)
             g.   American Senior Care LLC
             h.   Bright HVAC LLC
             i.   BTS Solutions LLC
             j.   BTS Ventures LLC (d/b/a Best Choice)
             k.   Cardinal Distribution LLC
             l.   Circle Consulting LLC
             m.  Finite Capital LLC (d/b/a Healthcare By Design)
             n.   Force Holding Company LLC
             o.   Heartland Flag LLC
             p.   Indiana Uniform Company LLC
             q.   JACCD LLC (d/b/a Crusader IV)
             r.   Med-Healthline Supply LLC
             s.   Oregon Properties LLC
             t.   105214 Investments LLC (d/b/a Crusader Healthcare Services)
             u.   105210 Investments LLC (d/b/a Crusader Healthcare Services II)

C.    Attorneys:

| | |
|---|---|
| Ronald S. Safer (*pro hac vice*)<br>Matthew C. Crowl (*pro hac vice*)<br>Valarie Hays<br>Kelly M. Warner (*pro hac vice*)<br>Laura Kleinman (*pro hac vice*)<br>Eli J. Litoff (*pro hac vice*)<br>RILEY SAFER HOLMES & CANCILA LLP<br>Three First National Plaza<br>70 W. Madison, Suite 2900<br>Chicago, Illinois 60602<br>312-471-8700<br>rsafer@rshc-law.com<br>mcrowl@rshc-law.com<br>vhays@rshc-law.com<br>kwarner@rshc-law.com<br>lkleinman@rshc-law.com<br>elitoff@rshc-law.com<br><br>*Attorneys for American Senior Communities, L.L.C.* | Benjamin J. Widlanski (*pro hac vice*)<br>Daniel S. Maland (*pro hac vice*)<br>KOZYAK TROPIN & THROCKMORTON, LLP<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, Florida 33134<br>bwidlanski@kttlaw.com<br>dmaland@kttlaw.com<br><br>Peter A Schroeder<br>Bradley J. Wombles<br>NORRIS CHOPLIN & SCHROEDER LLP<br>101 West Ohio Street, Ninth Floor<br>Indianapolis, IN 46204<br>pschroeder@ncs-law.com<br>bwombles@ncs-law.com<br><br>*Attorneys for James Burkhart, ACCD LLC (d/b/a Crusader Healthcare Services III), American Senior Care LLC, JACCD LLC (d/b/a Crusader IV, 105214 Investments LLC (d/b/a Crusader Healthcare Services, and 105210 Investments LLC (d/b/a Crusader Healthcare Services II)* |
| Jackie M. Bennett<br>Richard Charles Richmond, III<br>TAFT STETTINIUS & HOLLISTER LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, IN 46204<br>317-713-3500<br>jbennett@taftlaw.com<br>rrichmond@taftlaw.com<br><br>*Attorneys for Daniel Benson* | Edward F. Schrager<br>Arthur R. Baxter, Jr.<br>Donna R. Eide<br>BAXTER ROSE & SCHRAGER<br>50 E. 91th St., Suite 103<br>Indianapolis, IN 46240<br>317-842-1600<br>echrager@brs-lawyers.com<br>abaxter@brs-lawyers.com<br>dreide@earthlink.net<br><br>*Attorneys for Roger Werner* |
| David J. Carr<br>Stephanie C. Courter<br>Paul C. Sweeney<br>ICE MILLER, LLP<br>One America Square, Suite 2900<br>Indianapolis, IN 46282<br>317-236-2100<br>david.carr@icemiller.com<br>stephanie.courter@icemiller.com | |

| paul.sweeney@icemiller.com<br><br>*Attorneys for Steven Ganote, Bright HVAC LLC, BTS Solutions LLC, BTS Ventures LLC (d/b/a Best Choice), Cardinal Distribution LLC, Finite Capital LLC (d/b/a Healthcare By Design), Force Holding Company LLC, Indiana Uniform Company LLC, Med-Healthline Supply LLC, and Oregon Properties LLC* | |

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   Jurisdiction and Statement of Claims

A.   Basis for Jurisdiction: ASC has brought claims against Defendants alleging violations of the Racketeer Influence and Corrupt Organizations Act ("RICO"). The Court has subject matter jurisdiction over ASC's RICO claims asserted in this Complaint pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over ASC's claims arising out of the laws of Indiana pursuant to 28 U.S.C. § 1367(a) because these claims are so related to ASC's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

B.   Plaintiff's Claims: From approximately 2008 through at least September 15, 2015, Defendants systematically looted ASC through a pattern of racketeering activity. During this time period, ASC was focused on its mission:  to care for some of society's most vulnerable persons, the sick and the elderly.  Defendants exploited ASC's singular focus on providing first-class care to its patients to defraud the Company out of tens of millions of dollars through the following schemes:

1. frauds that required ASC to pay inflated prices for products and services to companies secretly owned and/or controlled by the Burkhart/Benson Enterprise (as defined in the Complaint), and to companies that remitted kickbacks to the Burkhart/Benson Enterprise;
2. frauds that required ASC to pay unnecessary fees pursuant to a sham contract to a company owned and/or controlled by the Burkhart/Benson Enterprise in return for little or no benefit;
3. frauds that caused ASC to pay inflated salaries and bonuses to defendants Burkhart, Benson, and Werner;
4. frauds that enabled the Burkhart/Benson Enterprise to obtain lavish benefits, including skyboxes for sporting events, the use of private jets, golf trips, and

expensive meals for themselves and their associates at the expense of ASC; and

5. fraudulent misdirection of ASC's corporate opportunities for the benefit of the Burkhart/Benson Enterprise.

C.   <u>Defendants' Claims or Defenses</u>:

1. <u>James Burkhart</u>: James Burkhart and related corporate defendants[1] fully dispute Plaintiff's charges and will contest the inaccurate and misleading factual allegations that underlie Plaintiff's complaint.  All claims pertaining to Mr. Burkhart are factually unsupported and legally deficient.  In particular, and among other things, Plaintiff's complaint omits: (a) essential parties; (b) that Plaintiff has an established means of recovering its loses through a pre-existing Restitution Order; and (c) that Plaintiff and its owners' had knowledge of and were involved in the acts upon which the claims against Mr. Burkhart and his co-defendants are premised.  Further, at no time was James Burkhart aware of or a party to an Indiana state or federal RICO-related enterprise.  Accordingly, Mr. Burkhart will be seeking dismissal of the complaint and will establish that he is not liable for the claims alleged therein.

2. <u>Daniel Benson</u>: Defendant Benson denies that his actions amount to racketeering activity as alleged by Plaintiff, asserts that Plaintiff and its owners were grossly negligent in managing Plaintiff's business and supervising Plaintiff's CEO James Burkhart, further asserts that he was himself defrauded by the manipulative actions of Burkhart, and further asserts that Plaintiff already has a means of recovering its loses through a pre-existing Restitution Order.

3. <u>Ganote Defendants</u>[2]:  From 2008 through September 15, 2015, Defendants endeavored to provide first class service and high quality products to the residents of ASC.  Defendants deny that their actions rose to the level of racketeering activity alleged by Plaintiff.  This is particularly true regarding Defendant Ganote, who never served as an employee or fiduciary of ASC and who was himself defrauded by the manipulative actions of ASC CEO James Burkhart.

---

[1] Unless stated otherwise, all references to James Burkhart also reflect the position of Defendants ACCD LLC (d/b/a Crusader Healthcare Services III), American Senior Care LLC, JACCD LLC (d/b/a Crusader IV, 105214 Investments LLC (d/b/a Crusader Healthcare Services, and 105210 Investments LLC (d/b/a Crusader Healthcare Services II).

[2] The "Ganote Defendants" include Steven Ganote, Bright HVAC LLC, BTS Solutions LLC, BTS Ventures LLC (d/b/a Best Choice), Cardinal Distribution LLC, Finite Capital LLC (d/b/a Healthcare By Design), Force Holding Company LLC, Indiana Uniform Company LLC, Med-Healthline Supply LLC, and Oregon Properties LLC.

4. <u>Roger Werner</u>: Roger Werner contends that as to the RICO claims, he was not a party to, beneficiary of, or involved in the frauds.  He had no knowledge of the fraudulent nature of the "Burkhart/Benson Enterprise."  As to the negligence claims, Werner contends that the Plaintiff and its owners were grossly negligent in managing the business, supervising (James) Burkhart and Benson, and willfully failed to consult with Werner, who was the CFO, on budgetary matters relating to the company and barred him from monthly meetings.  Werner also claims that the salary and bonuses he received were authorized under his employment contract, and that he had no reason to believe they were not.  Accordingly, he is not liable for the fraud, negligence, and equitable claims.

5. <u>Joshua Burkhart</u>: Counsel has not appeared on behalf of Joshua Burkhart and related corporate defendants Circle Consulting LLC and Heartland Flag LLC.

## III.   <u>Pretrial Pleadings and Disclosures</u>

The Southern District of Indiana Uniform Case Management Plan requires that the following dates be based on the "Anchor Date," which is the date the case was filed or removed to the Court. Because this case was filed on September 15, 2017 and later stayed, using the date of the case filing is not practicable in this matter. Accordingly, the Parties have utilized October 17, 2018 – the date of the Court's order directing the submission of this Case Management Plan – as the Anchor Date.

As an initial matter, the Defendants shall file and serve their answers to Plaintiff's Complaint or any applicable motion to dismiss on or before December 14, 2018. If Defendants file a motion to dismiss, they shall have 28 days from the Court's ruling on the motion to dismiss to file their answers.

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before January 18, 2019.[3]

B.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before January 25, 2019.

C.   Defendant(s) shall file preliminary witness and exhibit lists on or before February 1, 2019.

---

[3] The parties note that the protective order entered in the case of *United States v. Burkhart, et al.*, Case No. 1:16-cr-00212-TWP-TAB (S.D. Ind.) (Dkt. 124), protects against disclosure of certain documents that will be sought in discovery in this case. The parties will work in good faith to resolve issues related to that protective order.

D.      All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before April 17, 2019.

E.      Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before April 17, 2019.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto on June 12, 2019.

F.      Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any testifying expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before July 19, 2019.  Defendant(s) shall disclose the name, address, and vita of any testifying expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before September 20, 2019; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before September 20, 2019.

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than October 4, 2019.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before December 17, 2019.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim, shall file an appropriate motion and with a proposed briefing schedule as soon as practicable.

K.   Discovery of electronically stored information ("ESI").  The parties believe that this case will require the production of a substantial volume of ESI.  Accordingly, the parties have completed the ESI Supplement to the Report of the Parties' Planning Meeting, which is attached hereto.

## IV.   Discovery[4] and Dispositive Motions

A.   The Parties' positions regarding summary judgment or other dispositive motions are set forth below.

a.   Plaintiff's Position: Plaintiff intends to seek partial summary judgment on matters encompassed by those Defendants who were charged and entered into guilty pleas and related admissions during the case of *United States v. Burkhart, et al.*, Case No. 1:16-cr-00212-TWP-TAB (S.D. Ind.). In that proceeding, Defendants James Burkhart, Joshua Burkhart, Daniel Benson, and Steven Ganote ("Criminal Defendants") pled guilty to committing several of the frauds alleged in Plaintiff's Complaint. Accordingly, from Plaintiff's perspective, Criminal Defendants' liability for those frauds is established, and Criminal Defendants are estopped from arguing to the contrary. Additionally, under certain circumstances, Criminal Defendants may be estopped from contesting the compensatory damages suffered by Plaintiff as a result of the frauds to which they plead guilty. Therefore, a motion for partial summary judgment on liability, and possibly on compensatory damages, for the frauds at issue in the criminal case may be appropriate. Plaintiff is aware that, absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion. In this case, however, Plaintiff contends that the filing of an early motion for partial summary judgment on issues related to the criminal case would potentially narrow the issues in dispute and promote efficiency in this litigation. Accordingly, Plaintiff submits that good cause exists to file an early motion for partial summary judgment, while reserving the right to file an additional motion for summary judgment at a later date, should discovery reveal that such a motion is appropriate.

b.   Defendants' Positions:

> The court grants the leave sought in this paragraph.
> DML
> 11/8/18

---

[4]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in enough time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless leave of Court is sought to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

    i.   <u>James Burkhart</u>: James Burkhart reserves on his position as to whether some or all of the claims may be disposed of by a Motion for Summary Judgment.  Counsel for Mr. Burkhart have just entered appearances in this matter and have not had time sufficient to obtain or review the substantial document discovery that has already been amassed in relation to the claims asserted in the complaint.  In addition, as Mr. Burkhart is currently incarcerated at the Federal Prison Camp in Montgomery, Alabama, counsel for Mr. Burkhart have had limited opportunity to discuss this matter with their client and will continue to have limitations on their opportunities to confer with their client regarding this matter so long as he is incarcerated.

    ii.   <u>Ganote Defendants</u>: At this time, the Ganote Defendants do not believe that this case is appropriate for summary judgment.

    iii.   <u>Roger Werner</u>: Werner believes that some or all of the RICO claims may be disposed of by a Motion for Summary Judgment.  Such an assessment cannot be made until discovery is well under way.  Werner, unlike the Criminal Defendants and Plaintiff, has not been privy to the discovery that was provided during the criminal case.  The scope of that discovery has been described as over one million documents or roughly ten terabytes of data.  As a result, Werner cannot offer a more specific prognostication than that which has been set forth in this paragraph. Werner reserves his right to contest Plaintiff's position with respect to Plaintiff's motion for summary judgment until a later time.  Further, Werner requests that this issue be addressed with Plaintiff seeking leave of the Court and explaining in detail the manner in which it may limit discovery and serve the interests of judicial economy.  Werner contends that there is nothing about this case that should relieve Plaintiffs of the obligation to seek leave of the Court before filing multiple motions for summary judgment.

B.    The parties believe that Track 2 best suits this case: Dispositive motions are expected and shall be filed by December 13, 2019, with the exception that Plaintiff requests leave to file a dispositive motion related to Defendants' guilty pleas, as described above, by April 17, 2019; non-expert witness discovery and discovery relating to liability issues shall be completed by August 19, 2019;[5] expert witness discovery and discovery relating to damages shall be completed by October 31, 2019. All remaining discovery shall be completed by no later than 16 months from Anchor Date.

---

[5] Werner, contrary to all other parties, has not seen discovery related to the subject matter of the complaint. Thus, for good cause shown, Werner may seek an extension of this deadline. Prior to seeking any extension, the parties will confer in good faith in and will attempt to submit any requests for extension on an unopposed basis.

## V.      Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.

## VI.     Trial Date

The parties request a trial date in May 2020.  The trial is by jury and is anticipated to take fifteen days.

## VII.    Referral to Magistrate Judge

A.      **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B.      **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.   Required Pre-Trial Preparation

A.      **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      File a list of trial witnesses, by name, who are expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2.      Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.      Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.      A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

      a.      brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

      b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.      ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    <u>Other Matters</u>

A.      The Parties also intend to file (1) an Agreed Protective Order, (2) an Agreed Qualified HIPAA Protective Order, and (3) an Agreed Order Pursuant to F.R.E. 502(d).

Respectfully Submitted,                          November 7, 2018

/s/ Eli J. Litoff                                /s/ Daniel S. Maland (with permission)
Ronald S. Safer (*pro hac vice*)                 Benjamin J. Widlanski (*pro hac vice*)
Matthew C. Crowl (*pro hac vice*)                Daniel S. Maland (*pro hac vice*)
Valarie Hays                                     KOZYAK TROPIN & THROCKMORTON, LLP
Kelly M. Warner (*pro hac vice*)                 2525 Ponce de Leon Blvd., 9th Floor
Laura Kleinman (*pro hac vice*)                  Miami, Florida 33134
Eli J. Litoff (*pro hac vice*)                   bwidlanski@kttlaw.com
RILEY SAFER HOLMES & CANCILA LLP                 dmaland@kttlaw.com
Three First National Plaza
70 W. Madison, Suite 2900                        Peter A Schroeder
Chicago, Illinois 60602                          Bradley J. Wombles
312-471-8700                                     NORRIS CHOPLIN & SCHROEDER LLP
rsafer@rshc-law.com                              101 West Ohio Street, Ninth Floor
mcrowl@rshc-law.com                              Indianapolis, IN 46204
vhays@rshc-law.com                               pschroeder@ncs-law.com
kwarner@rshc-law.com                             bwombles@ncs-law.com
lkleinman@rshc-law.com
elitoff@rshc-law.com                             *Attorneys for James Burkhart, ACCD LLC*
                                                 *(d/b/a Crusader Healthcare Services III),*
                                                 *American Senior Care LLC, JACCD LLC*
*Attorneys for American Senior Communities,*     *(d/b/a Crusader IV, 105214 Investments LLC*
*L.L.C.*                                         *(d/b/a Crusader Healthcare Services, and*
                                                 *105210 Investments LLC (d/b/a Crusader*
                                                 *Healthcare Services II)*

/s/ Richard Richmond (with permission)           /s/ Edward Schrager (with permission)
Jackie M. Bennett                                Edward F. Schrager
Richard Charles Richmond, III                    Arthur R. Baxter, Jr.
TAFT STETTINIUS & HOLLISTER LLP                  Donna R. Eide
One Indiana Square, Suite 3500                   BAXTER ROSE & SCHRAGER
Indianapolis, IN 46204                           50 E. 91th St., Suite 103
317-713-3500                                     Indianapolis, IN 46240
jbennett@taftlaw.com                             317-842-1600

rrichmond@taftlaw.com

*Attorney for Daniel Benson*

/s/ Stephanie Courter (with permission)
David J. Carr
Stephanie C. Courter
Paul C. Sweeney
ICE MILLER, LLP
One America Square, Suite 2900
Indianapolis, IN 46282
317-236-2100
david.carr@icemiller.com
stephanie.courter@icemiller.com
paul.sweeney@icemiller.com

*Attorneys for Steven Ganote, Bright HVAC LLC, BTS Solutions LLC, BTS Ventures LLC (d/b/a Best Choice), Cardinal Distribution LLC, Finite Capital LLC (d/b/a Healthcare By Design), Force Holding Company LLC, Indiana Uniform Company LLC, Med-Healthline Supply LLC, and Oregon Properties LLC*

eschrager@brs-lawyers.com
abaxter@brs-lawyers.com
dreide@earthlink.net

*Attorney for Roger Werner*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR: _____ IN PERSON IN ROOM _____; OR _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR _____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN ____12/13/19_____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Date: 11/8/2018

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-Registered counsel of record via email generated by the court's ECF system

Service via U.S. Mail on:

Joshua Burkhart, No. 15428-028
FCI Terre Haute
4200 Bureau Road North
Terre Haute, IN 47808

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2018, I caused the foregoing document to be

electronically filed using he CM/ECF system, which will send notice of this filing to all counsel

of record. Additionally, notice of this filing will be sent via U.S. Mail, postage prepaid, to Joshua

Burkhart, Circle Consulting LLC, and Heartland Flag LLC at the following address:

Joshua Burkhart, No. 15428-028
FCI Terre Haute
4200 Bureau Road North
Terre Haute, IN 47808

*/s/ Eli J. Litoff*
Eli J. Litoff
Riley Safer Holmes & Cancila LLP
Three First National Plaza
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
312-471-8700
elitoff@rshc-law.com

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C.,   ) | |
| ) | |
| Plaintiff,   ) | Case No.: 1:17-cv-3273-SEB-DML |
| ) | |
| v.   ) | Honorable Sarah Evans Barker |
| ) | |
| JAMES BURKHART, et al.   ) | Honorable Debra McVicker Lynch |
| ) | |
| Defendants.   ) | |

## ESI SUPPLEMENT TO CASE MANAGEMENT PLAN

1. <u>Discovery Scope</u>.  Following a detailed discussion between counsel of a discovery plan for this matter, each party should outline below the categories and types of information that party intends to seek in discovery in this matter.  This outline should include, in addition to identification of the various topics on which discovery will be sought and identification of the nature and type of documents to be produced, a list by each party of the potentially relevant custodians of such information and the date ranges relevant to discovery in this matter.

   Plaintiff: ASC anticipates discovery will focus on: (1) Defendants' ownership of, relationship to, and receipt of funds from vendors providing services to ASC; (2) Defendants' statements and representations concerning their relationship to such vendors; (3) Jim Burkhart, Benson, and Werner's receipt of "bonus" payments from ASC; (4) Jim Burkhart, Benson, and Werner's use of ASC funds for travel, entertainment, and similar expenses; (4) Jim Burkhart's receipt of funds related to put/covenant support/consulting agreements, and any statements and representations made by Jim Burkhart regarding the same; and (5) Jim Burkhart's receipt of funds pursuant to any business transactions with Chinese entities, and any statements and representations made by Jim Burkhart regarding same. The potentially relevant custodians for ASC data include Defendants and other high-level employees of ASC. The potentially relevant custodians for defendants' data include defendants' personal accounts and devices and anyone acting on defendants' behalf related to these topics. ASC believes the relevant timeframe for discovery is generally 2008 through September 15, 2015.

   Defendant(s):  Werner and James Burkhart anticipate that discovery will focus on: (1) all allegations in the ASC Complaint[1];  (2) all affirmative defenses asserted by

---

[1] Depending on the outcome of Defendants' motions to dismiss.

Defendants; and (3) ASC owners' knowledge and activities concerning the allegations in the Complaint.

The Ganote Defendants anticipate that discovery will focus on the allegations outlined in Plaintiff's Complaint; the defendants' provision of goods and services to ASC; the knowledge of ASC's owners as to the activities alleged in the Complaint; and any information related to affirmative defenses raised by Ganote or other Defendants.

2. <u>ESI Sources and Volumes</u>.  With regard to the discovery outlined in paragraph 1, each party shall discuss the types of ESI (*e.g.*, Outlook e-mail, Word documents, Excel spreadsheets, CAD drawings, etc.) implicated by the opposing party's requests (meaning that Defendant should address the categories and types of information identified by the Plaintiff, etc.), any proprietary software involved in the production of such ESI, the location of such ESI (*e.g.,* 14 servers located in 3 states, 57 individual PC hard drives that are not connected to a central server, etc.), and the estimated volume of ESI implicated by such requests (*e.g.*, 20 GB of Outlook .pst files, 500 MB of Excel spreadsheets, etc.).

Plaintiff: ASC has collected and preserved a large volume of ESI from ASC's email and file servers, financial and accounting systems, and from various hardware sources. ASC anticipates that the following non-inclusive list of ESI sources within the Defendants' possession, custody, or control contain potentially relevant information:

    i. Productions of ESI received by Defendants in *ASC v. Burkhart, et al.*, Case No. 1:16-cr-00212-TWP-TAB

   ii. Personal and professional email accounts associated with the defendants, including, but not limited to:

      1. sjganote@yahoo.com
      2. srbllc@sbcglobal.net
      3. oregonproperties@yahoo.com
      4. Justin.barnes@heartlandflag.com
      5. Jburk11@hotmail.com
      6. walter@healthcare-by-design.com
      7. support@healthcare-by-design.com
      8. healthcarebydesign@yahoo.com
      9. Other email accounts used by Defendants, including personal email accounts for Jim Burkhart, Benson, and Werner.

  iii. Home computers and other personal devices used by defendants, including data collected by the Government.

  iv. Portable media such as thumb drives and external hard drives used by defendants to store or access data.

   v. Cloud-based storage accounts (e.g., iCloud, Dropbox) used by defendants or their representatives to store or access data.

  vi. Paper files

Defendants:

Defendant Werner collected and preserved personal email and texts from his Samsung Galaxy 5 pursuant to a federal criminal subpoena.

Defendant James Burkhart has recently retained new counsel and is working with his attorneys to establish the nature and scope of relevant discovery that has previously been collected and preserved.  Mr. Burkhart will exchange this information with all parties once it has been finalized.

Defendants Werner and Burkhart anticipate that the following list of ESI sources within Plaintiff's possession, custody, or control contain potentially relevant information: ASC's email and file servers, financial and accounting systems, and from various hardware sources.

The Ganote Defendants anticipate that electronic discovery will include emails from multiple accounts maintained by Steve Ganote, telephone text and voicemail messages, and data stored on portable media or other storage devices.

3. <u>Accessibility</u>.  Identify any potential sources of ESI in this matter that are "not reasonably accessible" as defined by Fed. R. Civ. P. 26(b)(2)(B).

Plaintiff: None.

Defendants:

Defendant Werner: None.

James Burkhart is currently incarcerated and does not have access to ESI.  That being said, Mr. Burkhart will alert all parties should he uncover any potential sources of ESI that are not reasonably accessible as defined by Fed. R. Civ. P. 26(b)(2)(B).

Ganote Defendants: None.

4. <u>ESI Management Software</u>.  Describe the software each party intends to use to manage any ESI produced in this matter and identify the Information Technology personnel primarily responsible for assisting counsel with the production and management of ESI in this matter.

Plaintiff: ASC anticipates the parties will use their own tools to manage any ESI produced in this matter, and there will not be sharing of resources.

Defendants: Defendants Werner, James Burkhart, and the Ganote Defendants agree.

5. <u>Metadata</u>.  Identify the potential sources of metadata in this matter and each party's anticipated use of metadata in this matter.

Plaintiff: ASC anticipates the parties will agree upon an ESI Protocol that will set forth the particular metadata fields to be included in the parties' productions.  ASC anticipates, however, that all ESI will be produced with standard metadata fields.

Defendants: Defendants Werner, James Burkhart, and the Ganote Defendants agree.

6. <u>ESI Format</u>.  Set forth the format in which each party will produce ESI in this matter.

Plaintiff: ASC anticipates the parties will agree upon an ESI Protocol that will set forth the format of production in greater detail.  ASC anticipates, however, that files will be produced as .tiff images with an accompanying load file, except that documents typically produced in native format, such as Microsoft Excel and PowerPoint files shall be produced natively. For any document produced natively, the producing party shall also produce a slipsheet indicating the filename of the native production.

Defendants: Defendants Werner, James Burkhart, and the Ganote Defendants agree.

7. <u>Discovery Sequencing</u>.  Have the parties agreed on a plan for the sequencing of discovery in this matter? X Yes    No

If yes, please describe such agreements:

The parties agree that the completion of written discovery and the parties' document productions shall take place prior to depositions. The parties agree to respond to any document requests within 30 days, and to deliver a substantial production within 30 days thereafter. The parties are permitted to make rolling productions thereafter. Document productions must be completed within timeframe that will be subsequently agreed to by the parties, to allow for depositions to occur in a reasonable amount of time before the close of fact discovery.

If no, please describe the efforts undertaken to reach agreement and identify the issues that remain outstanding:

8. <u>Search Protocol</u>.  Have the parties agreed on any protocol for the identification and review of relevant ESI (*e.g.*, search terms, predictive coding, etc.)?    Yes X No

If yes, please describe such agreements, including, if applicable, a list of agreed search terms to be used:

If no, please describe the efforts undertaken to reach agreement and identify the issues that remain outstanding:

The parties agree that generally, search terms should be applied to relevant data sources in order to identify the documents that will be reviewed to determine responsiveness to the written discovery requests.  The parties agree to meet and confer following the issuance of requests for production to agree upon search terms.  The parties further agree that for particular data sources search terms are not appropriate.  For example, if a defendant created an email address used solely  for an entity which ASC claims served no purpose other than to conduct fraudulent business that harmed ASC, all communications contained in such accounts are relevant and should be produced.

9.  <u>Preservation</u>.  Describe what efforts each party has undertaken to ensure the preservation of ESI potentially relevant to this matter and identify any unresolved issues pertaining to the preservation of ESI in this matter?

Plaintiff: ASC began preserving documents immediately following the Government's raid of certain Defendants' homes and offices on September 15, 2015, and has collected and continued to preserve a significant volume of information.

Defendant Werner: To the best of his knowledge and belief, all relevant documents and data within the possession and control of Werner at of the time of the public disclosure of the Government investigation  have been preserved.

Defendant James Burkhart and his counsel are working to ascertain what efforts have been undertaken to ensure the preservation of ESI and the current state of that ESI.  To the best of his knowledge and belief, all relevant documents and data that were within Mr. Burkhart's possession prior to his incarceration have been and remain preserved.

Ganote Defendants:  Upon information and belief, the Ganote Defendants preserved all data within their possession and control as of the date on which the Government's investigation became public.

Unresolved issues:

10. <u>Cost of Production</u>.  Each party should analyze the data provided in paragraph 2 and provide an estimate of the costs associated with production of ESI in this matter:

Plaintiff: ASC has already expended significant costs in preserving, collecting, reviewing and producing documents for production to the government in connection with the criminal action against certain defendants.  ASC will be required to undertake yet more costs in connection with discovery in this matter.  ASC does not anticipate that defendants will be required to expend significant additional costs, as it believes much of defendants' potentially responsive information was preserved, collected, reviewed, and produced in connection with the criminal action against certain defendants.

Defendant Werner: Werner's discovery position  is unique and unlike other Defendants.  Werner anticipates  significant costs to process, search, and review the relevant volume in this case which ASC estimated in open Court as more than 10 Terabytes.  All parties except Werner already incurred most of their discovery costs and therefore have a substantial discovery advantage.  Werner intends to work with the parties to develop a keyword search protocol and possibly employ other protocols to facilitate efficiencies during the discovery process to assist in and manage the volume of discovery.

Defendant James Burkhart:  Due to his incarcerated status and retention of new counsel, Defendant James Burkhart anticipates incurring significant costs from the transferring, processing, storage and review of the believed to be voluminous ESI in this matter.  Counsel for Mr. Burkhart are working with their client to determine the true scope of ESI at hand and plan to work with all parties to develop systems and strategies directed towards minimizing discovery-related costs.

The Ganote Defendants have already incurred significant expenses in preserving and analyzing the documents in this case.  The Ganote Defendants anticipate continued expenditures in order to satisfy their discovery obligations in this matter.

11. Cost Allocation/Savings.  Describe below the parties' discussions regarding cost-shifting or cost-savings measures in this matter and set forth in detail any agreements reached between the parties in that regard:

Each party should bear its own costs regarding the collection and production of ESI, except to the extent that ASC is entitled to reasonable attorneys' fees if it prevails on its claims.  All parties reserve their rights to seek cost sharing, however, to the extent that compliance with discovery requests are excessively burdensome.

The Ganote Defendants agree that each party should bear its own costs.

Defendants Werner and James Burkhart have not taken a position with respect to this section because of their and their lawyers' unfamiliarity with ESI within the possession and control of all other parties.

12. <u>Discovery Proportionality</u>.  Do the parties agree that the discovery of ESI in this matter satisfies the proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C)? X Yes    No

The parties agree to issue discovery requests that are proportional to the needs of the case.

If no, identify the nature of the dispute:

13. <u>Claw Back Agreement</u>.  Have the parties agreed on the following unintentional production "claw back" provision? X Yes    No

The parties have agreed to the entry of an agreed order pursuant to Federal Rule of Evidence 502(d), containing the following provisions:

1.    The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2.    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

3.    Any party having produced material described in paragraph 1 may request that such material be returned within a reasonable time period. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.

14. <u>Other</u>. Identify all outstanding issues or disputes concerning ESI not otherwise addressed herein.

Plaintiff: None.

Defendants:

Defendant Werner: None at this time.

Defendant James Burkhart:  none at this time; save for his limited access to counsel and restricted or lack of access to discovery and ESI due to being incarcerated.

Ganote Defendants: None at this time.