**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C., | ) ) ) |
| Plaintiff, | ) ) Case No.: 1:17-cv-3273-SEB-DML |
| v. | ) ) Honorable Sarah Evans Barker ) |
| JAMES BURKHART, et al. | ) Honorable Debra McVicker Lynch ) ) |
| Defendants. | ) |

**STIPULATED PROTECTIVE ORDER**

**I.     INTRODUCTION**

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby stipulate to the following provisions, as modified, of this Court's Uniform Stipulated Protective Order.

**II.    SCOPE OF PROTECTED INFORMATION**

In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing party or a non-party.[1] The parties anticipate production of the following categories of protected information: (1) financial and accounting records, (2) confidential contracts or agreements entered into between the parties and third parties, (3) confidential personnel and compensation information related to the parties' owners, employees,

---

[1] The parties also anticipate that this case will require the production of protected health information ("PHI"). The production and use of PHI in this litigation shall be governed by a separate Order.

or agents, including but not limited to salary, bonus, or other income information, and (4) confidential information related to the financial arrangements and care of residents of ASC nursing home facilities, including personal identifying information.

### III.     DESIGNATION OF PROTECTED INFORMATION

A.     <u>Scope:</u>  This Order governs the production and handling of any protected information in this action.  Any party or non-party who produces protected information in this action may designate it as "Confidential" consistent with the terms of this Order.  "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed.  Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action.  In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and S.D. Ind. L.R. 37-1.

B.     <u>Application to Non-Parties</u>: Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party.  If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>.

C.     <u>Timing and Provisional Protection:</u>  Designations may be made at any time.  To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony.  Deposition testimony will be deemed provisionally protected for a period of 30

days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D. <u>Manner of Designation:</u> Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" on each designated page of the document or electronic image. If an electronic file is produced in native format, the file name shall include the designation "CONFIDENTIAL."

## IV. CHALLENGES TO DESIGNATED INFORMATION

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to S.D. Ind. L.R. 37-1. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

**V.      LIMITED ACCESS/USE OF PROTECTED INFORMATION**

      A.      <u>Restricted Use:</u>  All information that is produced or exchanged in the course of this action may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party.  No designated information may be disclosed to any person except in accordance with the terms of this Order.  All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained, including refraining from using any public computer to access any information that has been produced or exchanged in the course of this action.  This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena.  Any use or disclosure of Confidential information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

      B.      <u>Access to "Confidential" Information:</u>  The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

          1. The Court, its personnel, and court reporters;

          2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

          3.  The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

4. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

5. Witnesses during the course of a deposition; and

6. Other witnesses or persons with the Designating Party's consent or by court order.

D. <u>Review of Witness Acknowledgments:</u>  At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession.  The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand.  Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts.  If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party.  However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

E. <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding,

including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

      F.     <u>In-Court Use of Designated Information</u>: If information designated pursuant to this Order will or may be offered in evidence at a hearing, then the offering party must give 24-hour advance notice to the party or non-party that designated the information prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

      G.     <u>Use of Designated Information at Trial</u>: This Order is not intended to govern the use of designated information at the trial of this action. Procedures governing the use of designated information at trial shall be established by separate order, pursuant to application to the Court by one or more parties. Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

**VI.    CLAW-BACK REQUESTS**

      A.     <u>Failure to Make Designation:</u> If, at any time, a party or non-party discovers that it produced or disclosed protected information without an appropriate designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within 7 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practically unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the

Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

      B.    <u>Inadvertent Disclosure of Designated Information</u>: Should any designated information be disclosed inadvertently by any Party to any person not entitled to receive designated information, the inadvertently disclosing party shall immediately inform counsel for the producing party of the inadvertent disclosure and shall provide all known relevant information concerning the nature and circumstances of the disclosure. When designated information has been inadvertently disclosed, the disclosing party shall exercise all reasonable efforts to ensure that no further or greater unauthorized disclosure and/or use thereof is made, and when designated information inadvertently has been disclosed, the inadvertently disclosing party shall exercise all reasonable efforts to retrieve any such designated information from persons not authorized to receive the designated information under this Order.

**VII.**    **DURATION/CONTINUED RESTRICTIONS**

      A.    <u>Handling of Designated Information Upon Conclusion of Action</u>: Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any non-party person with whom the party shared or disclosed designated information in this action destroys all copies, regardless of the medium in which the designated information was stored. Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify in writing to a Designating Party that all designated information hereunder has been destroyed by the Receiving Party and any party or person with whom the Receiving Party shared or disclosed designated information. No consultant, witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may

retain one copy for their respective legal files. Within 30 days after the later of dismissal of this action or expiration of all deadlines for appeal, each counsel of record must describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order. The designating party has the ability to pose questions regarding the storage of designated information and to request further reasonable security measures. This provision does not apply to the Court or Court staff.

      B.    <u>Continued Restrictions Under this Order</u>: The restrictions on disclosure and use of confidential information survive the conclusion of this action.

      C.    <u>Submission to Jurisdiction</u>: For the purpose of enforcing the terms of this Order, the parties and their counsel hereby submit to the jurisdiction of this Court, with such jurisdiction continuing for purposes of enforcing or resolving disputes concerning this Order. Each person or entity who receives any information protected by this Order agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Order.

**VIII.   REQUESTS TO SEAL**

      This protective order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ind. L.R. 5-11.

**So Ordered.**

Date: 11/8/2018

                                                              Debra McVicker Lynch
                                                              United States Magistrate Judge
                                                             Southern District of Indiana

**AGREED TO BY:**

/s/ Eli J. Litoff
Ronald S. Safer (*pro hac vice*)
Matthew C. Crowl (*pro hac vice*)
Valarie Hays
Kelly M. Warner (*pro hac vice*)
Laura Kleinman (*pro hac vice*)
Eli J. Litoff (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison, Suite 2900
Chicago, Illinois 60602
312-471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
vhays@rshc-law.com
kwarner@rshc-law.com
lkleinman@rshc-law.com
elitoff@rshc-law.com

*Attorneys for American Senior Communities, L.L.C.*

/s/ Daniel S. Maland (with permission)
Benjamin J. Widlanski (*pro hac vice*)
Daniel S. Maland (*pro hac vice*)
KOZYAK TROPIN & THROCKMORTON, LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
bwidlanski@kttlaw.com
dmaland@kttlaw.com

Peter A Schroeder
Bradley J. Wombles
NORRIS CHOPLIN & SCHROEDER LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN 46204
pschroeder@ncs-law.com
bwombles@ncs-law.com

*Attorneys for James Burkhart, ACCD LLC (d/b/a Crusader Healthcare Services III), American Senior Care LLC, JACCD LLC (d/b/a Crusader IV, 105214 Investments LLC (d/b/a Crusader Healthcare Services, and 105210 Investments LLC (d/b/a Crusader Healthcare Services II)*

/s/ Richard Richmond (with permission)
Jackie M. Bennett
Richard Charles Richmond, III
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
317-713-3500
jbennett@taftlaw.com
rrichmond@taftlaw.com

*Attorney for Daniel Benson*

/s/ Edward F. Schrager (with permission)
Edward F. Schrager
Arthur R. Baxter, Jr.
Donna R. Eide
BAXTER ROSE & SCHRAGER
50 E. 91th St., Suite 103
Indianapolis, IN 46240
317-842-1600
eschrager@brs-lawyers.com
abaxter@brs-lawyers.com
dreide@earthlink.net

*Attorney for Roger Werner*

/s/ Stephanie Courter (with permission)
David J. Carr
Stephanie C. Courter
Paul C. Sweeney

9

ICE MILLER, LLP
One America Square, Suite 2900
Indianapolis, IN 46282
317-236-2100
david.carr@icemiller.com
stephanie.courter@icemiller.com
paul.sweeney@icemiller.com

*Attorneys for Steven Ganote, Bright HVAC LLC, BTS Solutions LLC, BTS Ventures LLC (d/b/a Best Choice), Cardinal Distribution LLC, Finite Capital LLC (d/b/a Healthcare By Design), Force Holding Company LLC, Indiana Uniform Company LLC, Med-Healthline Supply LLC, and Oregon Properties LLC*


Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.

Service via U.S. Mail on:

Joshua Burkhart, No. 15428-028
FCI Terre Haute
4200 Bureau Road North
Terre Haute, IN 47808

# EXHIBIT A

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C., | ) ) ) |
| Plaintiff, | ) ) Case No.: 1:17-cv-3273-SEB-DML |
| v. | ) ) Honorable Sarah Evans Barker ) |
| JAMES BURKHART, et al. | ) Honorable Debra McVicker Lynch ) ) |
| Defendants. | ) |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges having been provided with and having read the "Stipulated Protective Order" in this matter ("Protective Order"). The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

_____    _____
Date                                                            Signature

                                                                     _____
                                                                     Printed Name