**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:17-cv-3273-SEB-DML |
| v. | ) ) | Honorable Sarah Evans Barker |
| JAMES BURKHART, et al. | ) ) | Honorable Debra McVicker Lynch |
| Defendants. | ) ) | |

**AGREED QUALIFIED PROTECTIVE ORDER**
**REGARDING PROTECTED HEALTH INFORMATION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1.       The parties, through their undersigned counsel, hereby stipulate and agree to the entry of this Qualified Protective Order Regarding Protected Health Information ("Order") in the above-captioned case.[1]

2.       For purposes of this Order, Protected Health Information ("PHI") has the meaning set forth at 45 C.F.R. § 160.103 and 164.501, and shall refer only to PHI disclosed to a party or its representatives in the course of and for purposes of litigation in the above-captioned matter. PHI includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b)

---

[1]  The production and use of information designated as confidential for other reasons in this litigation shall be governed by a separate Order.

the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3.      The parties anticipate that the claims and defenses in this matter will require disclosure and/or use of PHI, the privacy of which is protected under HIPAA. The parties also anticipate that redaction of PHI prior to production to another party would impose a significant burden on the producing party, and would unnecessarily cause delay in the litigation.

4.      This Order is intended to protect the privacy of non-parties whose PHI is disclosed and/or used during the course of this litigation. This Order is tailored to allow the parties to pursue their claims and defenses without disclosing PHI to the public.

5.      The need for the Parties and their attorneys to disclose and/or use PHI and the goal of protecting the privacy of third-parties constitute good cause for the entry of this Order.

6.      This Order shall govern the disclosure and use of PHI during discovery, whether such PHI is used, discussed, and/or disclosed by way of requests for admission and responses thereto, interrogatories and responses thereto, requests for documents and responses thereto, deposition testimony, expert reports, negotiations, court filings, or in any other manner associated with this litigation.

7.      This Order is not intended to govern the use of PHI at the trial of this action. Procedures governing the use of PHI at trial shall be established by separate order, pursuant to application to the Court by one or more parties.

8.      By agreeing to this Order, the Parties are not waiving any objections to disclosure and/or production of any PHI during discovery.

9.      Nothing in this Order shall prevent or prohibit the parties from seeking such additional or further protection as they deem necessary to protect PHI subject to discovery in this action.

10.     The parties agree:

a.      PHI may be disclosed only to the following persons, and only on the condition that the PHI not be further disclosed or used in a manner that violates this Order:

   i.      The Court and Court staff;

   ii.     Counsel of record and the employees of those law firms who are assisting those attorneys in this action, including but not limited to employees working in secretarial, clerical, or paralegal capacities, as well as outside vendors retained to provide litigation support services to those attorneys;

   iii.    Court reporters and videographers taking testimony involving PHI and necessary stenographic and clerical personnel thereof; and/or

   iv.     Consultants, trial consultants, or experts employed by the parties.

b.      Consultants, trial consultants, or experts identified in section 10.b.iv shall not review any PHI until he or she has been provided with a copy of this Order and has executed the Agreement of Confidentiality in the form attached hereto in Exhibit A.

c.      At no time shall the parties, or any other individual to whom PHI is properly disclosed pursuant to this Order, disclose any PHI to anyone not authorized by this Order to receive PHI, except as otherwise authorized to do so under HIPAA or other applicable law.

d.      Designations may be made at any time.  Whenever possible, PHI that is disclosed under this Order shall be marked or stamped with the legend "CONFIDENTIAL." A producing party's failure to mark or stamp a document containing PHI with the legend "CONFIDENTIAL" does not serve as a waiver of the protections available hereunder.  Such legend shall be placed on every page of a multi-page document. The Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions.  To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

e.      At a deposition, the parties may disclose PHI governed by this Order (a) to any deponent, provided that all information identifying the individual associated with the PHI is fully redacted and the deponent has executed the Acknowledgment of Protective Order adopted by the Court, or (b) to any officer, director, employee, attorney or agent of the producing party, and to any former officer, director, employee, attorney or agent of the producing party provided that (i) the document or thing includes indicia that the former officer, director, employee, attorney or agent had authored or received it, or (ii) a foundation first is laid that the person likely would have had access to the PHI in the

course of the person's employment or agency, or (iii) all information identifying the individual associated with the PHI is fully redacted and the deponent has executed the Acknowledgment of Protective Order adopted by the Court.

     f.    Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify in writing to each Designating Party that all PHI produced hereunder has been destroyed by the Receiving Party and any party or person with whom the Receiving Party shared or disclosed designated information. .

     g.    Any documents filed with the Court containing PHI shall be handled in one of two ways:

        i.    If the PHI is irrelevant or immaterial to the resolution of the matter at issue, the filing party shall redact the PHI in lieu of filing under seal. Any party who files such a redacted document must serve an unredacted and complete version of the document upon all counsel and *pro se* parties, but only upon request.

        ii.    If the PHI is material to the resolution of the matter at issue, the filing party shall file the document under seal for the Court's review, and file a redacted version of the document for public access.

11.    Should any PHI be disclosed inadvertently by either Party to any person not entitled to receive PHI, the inadvertently disclosing party shall immediately inform counsel for the producing party of the inadvertent disclosure and shall provide all known relevant information concerning the nature and circumstances of the disclosure. When PHI has been

inadvertently disclosed, the disclosing party shall exercise all reasonable efforts to ensure that no further or greater unauthorized disclosure and/or use thereof is made, and when PHI inadvertently has been disclosed, the inadvertently disclosing party shall exercise all reasonable efforts to retrieve any such PHI from persons not authorized to receive the PHI under this Order.

12.     The terms of this Order shall survive the conclusion of this litigation.

13.     For the purpose of enforcing the terms of this Order, the parties and their counsel hereby submit to the jurisdiction of this Court, with such jurisdiction continuing for purposes of enforcing or resolving disputes concerning this Order.

14.     Each person or entity who receives any PHI agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Order.

**So Ordered.**


Date: 11/8/2018

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

6

**AGREED TO BY:**

/s/ Eli J. Litoff
Ronald S. Safer (*pro hac vice*)
Matthew C. Crowl (*pro hac vice*)
Valarie Hays
Kelly M. Warner (*pro hac vice*)
Laura Kleinman (*pro hac vice*)
Eli J. Litoff (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison, Suite 2900
Chicago, Illinois 60602
312-471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
vhays@rshc-law.com
kwarner@rshc-law.com
lkleinman@rshc-law.com
elitoff@rshc-law.com

*Attorneys for American Senior Communities, L.L.C.*

/s/ Daniel S. Maland (with permission)
Benjamin J. Widlanski (*pro hac vice*)
Daniel S. Maland (*pro hac vice*)
KOZYAK TROPIN & THROCKMORTON, LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
bwidlanski@kttlaw.com
dmaland@kttlaw.com

Peter A Schroeder
Bradley J. Wombles
NORRIS CHOPLIN & SCHROEDER LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN 46204
pschroeder@ncs-law.com
bwombles@ncs-law.com

*Attorneys for James Burkhart, ACCD LLC (d/b/a Crusader Healthcare Services III), American Senior Care LLC, JACCD LLC (d/b/a Crusader IV, 105214 Investments LLC (d/b/a Crusader Healthcare Services, and 105210 Investments LLC (d/b/a Crusader Healthcare Services II)*

/s/ Richard Richmond (with permission)
Jackie M. Bennett
Richard Charles Richmond, III
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
317-713-3500
jbennett@taftlaw.com
rrichmond@taftlaw.com

*Attorney for Daniel Benson*

/s/ Edward F. Schrager (with permission)
Edward F. Schrager
Arthur R. Baxter, Jr.
Donna R. Eide
BAXTER ROSE & SCHRAGER
50 E. 91th St., Suite 103
Indianapolis, IN 46240
317-842-1600
eschrager@brs-lawyers.com
abaxter@brs-lawyers.com
dreide@earthlink.net

*Attorney for Roger Werner*

/s/ Stephanie Courter (with permission)
David J. Carr
Stephanie C. Courter

Paul C. Sweeney
ICE MILLER, LLP
One America Square, Suite 2900
Indianapolis, IN 46282
317-236-2100
david.carr@icemiller.com
stephanie.courter@icemiller.com
paul.sweeney@icemiller.com

*Attorneys for Steven Ganote, Bright HVAC*
*LLC, BTS Solutions LLC, BTS Ventures LLC*
*(d/b/a Best Choice), Cardinal Distribution*
*LLC, Finite Capital LLC (d/b/a Healthcare By*
*Design), Force Holding Company LLC,*
*Indiana Uniform Company LLC, Med-*
*Healthline Supply LLC, and Oregon*
*Properties LLC*

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.

Service via U.S. Mail on:

Joshua Burkhart, No. 15428-028
FCI Terre Haute
4200 Bureau Road North
Terre Haute, IN 47808

**EXHIBIT A**

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C., | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:17-cv-3273-SEB-DML |
| | ) |
| v. | ) Honorable Sarah Evans Barker |
| | ) |
| JAMES BURKHART, et al. | ) Honorable Debra McVicker Lynch |
| | ) |
| Defendants. | ) |

**AGREEMENT TO BE BOUND BY QUALIFIED PROTECTIVE ORDER**

The undersigned acknowledges having been provided with and having read the "Agreed Qualified Protective Order Regarding Protected Health Information" in this matter ("Protective Order").  The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

_____
Date

_____
Signature

_____
Printed Name