UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, LLC, </br></br> Plaintiffs, </br></br> v. </br></br> JAMES BURKHART, DANIEL BENSON, ROGER WERNER, STEVEN GANOTE, JOSHUA BURKHART, ACCD LLC., AMERICAN SENIOR CARE, LLC., BRIGHT HVAC, LLC., BTS SOLUTIONS, LLC, BTS VENTURES LLC, CARDINAL DISTRIBUTION LLC, CIRCLE CONSULTING LLC, FINITE CAPITAL LLC, FORCE HOLDING COMPANY LLC, HEARTLAND FLAG LLC, JACCD LLC, MED-HEALTHLINE SUPPLY LLC, OREGON PROPERTIES LLC, 105214 INVESTMENTS LLC, 105210 INVESTMENTS LLC, INDIANA UNIFORM COMPANY LLC, </br></br> Defendants </br></br> v. </br></br> JAMES BURKHART, </br></br> Counter Claimant </br></br> v. </br></br> AMERICAN SENIOR COMMUNITIES LLC, </br></br> Counter Defendant. | Case No. 1:17-cv-03273-TWP-DML |

**ENTRY ON DEFENDANT JAMES BURKHART'S
MOTION TO STAY CIVIL PROCEEDINGS**

This matter is before the Court on Defendant James Burkhart's ("Burkhart") Motion to Stay Civil Proceedings (Filing No. 87). Burkhart asks the Court to stay the instant civil lawsuit until thirty (30) days after entry of judgment regarding his Motion to Vacate or Set Aside Sentence

Under 28 U.S.C. § 2255 filed on December 20, 2018 in *United States of America v. James Burkhart*, Case No. 1:16-cr-00212-TWP-TAB-01 ("Crim. Dkt."). For the reasons stated below the Court **denies** the motion to stay.

## I.  PROCEDURAL BACKGROUND

In October 2016, a federal grand jury returned a thirty-two count Sealed Indictment against James Burkhart, Joshua Burkhart, Daniel Benson and Steven Ganote charging them with violating 18 U.S.C. § 1349 (conspiracy to commit mail, wire and health care fraud), 18 U.S.C. §§ 1341 and 1343 (mail and wire fraud), 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b) (conspiracy to violate anti-kickback laws), and 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957 (money laundering). *United States of America v. Burkhart, et al.*, Case No. 1:16-cr-00212-TWP-TAB.

On September 15, 2017, Plaintiff American Senior Communities, L.L.C. ("ASC"), filed the instant civil action against five individuals, four of whom (James Burkhart, Joshua Burkhart, Daniel Benson and Steven Ganote) were named defendants in the above-referenced criminal case, and the fifth of whom, Roger Werner ("Werner"), served as the former Chief Financial Officer of ASC. This action also names several corporate defendants. The Complaint alleges violations of the Racketeer Influence and Corrupt Organizations Act ("RICO"), conspiracy to violate RICO, and several state law and common law causes of action.

On December 1, 2017, this Court stayed this action pending the entry of judgment in the criminal case ([Filing No. 44](#).) The Order directed the Clerk of the Court to administratively close this case and that the parties may seek to reopen the case by filing joint status report 30 days after entry of judgment in the criminal case. *Id.*

Burkhart and the other individual defendants in the criminal case each entered pleas of guilty. Judgments of conviction were entered against James Burkhart on July 10, 2018, Steven

2

Ganote on July 19, 2018, Joshua Burkhart on July 20, 2018, and Daniel Benson on July 27, 2018. The Court left open the issue of restitution and ordered the parties to meet and confer on that outstanding issue within sixty (60) days of the dates on which each defendant was sentenced. A final Amended Order of Restitution was entered on January 17, 2019. (Crim. Dkt. 376.)

Following entry of judgments of conviction in the criminal case, ASC and Werner filed a Joint Status Report explaining that the criminal action has been resolved and requested that the civil matter be reopened. (Filing No. 51.) The matter was reopened via a Scheduling Order on August 26, 2018. (Filing No. 53.) On October 17, 2018, counsel for each of the individual defendants participated in an initial pretrial conference and thereafter negotiated and signed a Case Management Plan which was later approved by the Court. (Filing No. 67.)

On December 20, 2018, Burkhart, ACCD LLC d/b/a Crusader Healthcare Services III, American Senior Care LLC, JACCD LLC d/b/a Crusader IV, 105214 Investments LLC d/b/a Crusader Healthcare Services, and 105210 Investments LLC d/b/a Crusader Healthcare Services II (collectively the "Burkhart Defendants") filed an Answer, Affirmative Defenses and Counterclaims. (Filing No. 83.) On that same date, December 20, 2018, Burkhart filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "§ 2255 petition"), and a new civil case was opened under Case No. 1:18-cv-4013-TWP-DLP in which he asserts ineffective assistance of trial counsel in his criminal case. On January 2, 2019, Burkhart filed the instant Motion to Stay Civil Proceedings wherein he asks this Court to stay any further proceedings in the instant civil action, pending resolution of the § 2255 petition. (Filing No. 87.) In its Response in Opposition to Motion to Stay (Filing No. 96), ASC objects to any further stay of these proceedings and argues that a stay would not serve the interests of justice and would severely prejudice ASC.

Also pending in this action is a Motion to Dismiss for failure to state a claim filed by Werner (Filing No. 75), and Plaintiff and Counter-Defendant American Senior Communities' Motion to Dismiss James Burkhart's Counterclaims (Filing No. 100).

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). In considering a stay request, the Court should consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). Moreover, "[c]ourts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 1:14-CV-01589, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013).

## III. DISCUSSION

In his memorandum of law, Burkhart asked that this action be stayed while his collateral attack on his criminal conviction goes forward. He argued that the parallel proceedings of this civil case and his § 2255 "criminal action" would have implications if he were to prevail and be granted a new trial. For example, he contends that the potential exists for exploitation of civil discovery to develop an unfair advantage in the 2255 proceedings and his right against self-incrimination would be challenged.

When deciding whether to issue a stay in a civil proceeding pending a similar criminal proceeding, courts in the Seventh Circuit assess a set of factors, including: (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the Government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to plaintiff from delay; and (6) the burden that any particular aspect of the proceedings may impose on the defendant. *See Benevolence International Foundation, Inc. v. Ashcroft,* 200 F.Supp.2d 935, 938 (N.D.Ill.2002); *Hollinger International, Inc. v. Hollinger, Inc.,* 2005 U.S. Dist. LEXIS 14437 at *9–*10, 2005 WL 3177880 (N.D.Ill.2005); *Jones,* 216 F.R.D. at 450.

ASC argues that Burkhart incorrectly refers to his collateral attack as a parallel criminal proceeding, because his section 2255 collateral attack is actually a new civil proceeding, therefore, a stay is inappropriate. ASC further contends that even if the Court applies the factors relevant to parallel criminal proceedings, those factors weigh in favor of ASC and against a stay. ([Filing No. 96 at 2](#).) They argue the issues in the two proceedings are not the same and the Government is not a party to this action. ASC contends the posture of the criminal proceedings weighs against a stay. ASC also explains that the public interest weighs against a stay and argues they would be severely prejudiced by a stay. They assert that Burkhart has not shown a sufficient burden to support a stay.

The Court is persuaded by ASC's argument. The issues in the two proceedings are not the same. Burkhart's § 2255 petition alleges ineffective assistance of trial counsel and the issue in the civil case is whether Burkhart defrauded ASC. The Government is not a party to this action, therefore Burkhart's concern that the Government will try to take advantage of the broader rules of civil discovery to obtain information for the § 2255 petition is not implicated. The post-

conviction posture of the criminal proceedings weighs against a stay. Unlike a pending criminal proceeding, a pending collateral attack on a conviction through a § 2255 motion is not automatically grounds to stay a related civil case. *See, e.g.*, *U.S. Commodity Futures Trading* Case 1:17-cv-03273-TWP-DML Document 96 Filed 01/16/19 Page 4 of 16 Page ID #: 592 5 *Comm'n v. Lamarco*, No. 2:17-cv-04087 (ADS) (AKT), 2018 WL 2103208, at *4 (E.D.N.Y. May 7, 2018) ("Nor does a pending § 2255 motion weigh in favor of granting a stay."); *see also SEC v. Farkas*, 557 F. App'x 204, 208 (4th Cir. 2014) (pending 2255 motion is not grounds to stay appeal from related civil judgment).

This action was properly stayed for nearly one year to prevent prejudice to the underlying criminal proceedings and to prevent prejudice to the ability of the individual defendants to defend the criminal charges against them. Those risks no longer exist. The public has an interest in the prompt resolution of legal disputes and weighs against a stay. In addition, ASC presents a compelling argument that they would be severely prejudiced by a second stay of these proceedings because of a substantial risk of depletion of funds.

In his Reply brief, Burkhart offers as an alternative, that the Court enter an order staying discovery in the instant litigation until his 2255 proceedings are resolved. ([Filing No. 102](). at 3.) Burkhart acknowledges that ASC is correct that the § 2255 petition is a civil matter. He continues to assert, however, that there can be no dispute that the § 2255 petition is inextricably linked with the criminal proceedings and a stay is still necessary to preserve his right against self-incrimination. Specifically, he argues:

> Should a new trial be granted, and absent a stay, Plaintiff's civil pursuit of discovery, including the deposition of any of the Burkhart Defendants, will likely implicate Mr. Burkhart's Fifth Amendment rights. To the extent that Mr. Burkhart has not waived his Fifth Amendment rights, he is entitled to assert his Fifth Amendment privilege at a potential criminal trial.

6

([Filing No. 102 at 2](#).)

The Court recognizes Burkhart's legitimate concerns. He argues that ASC will not be unduly prejudiced or tactically disadvantaged by a stay. However, "[a] party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case." *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009). Burkhart has not carried this burden. Regardless of the outcome of his § 2255 petition, significant discovery in this case is unavoidable. Burkhart is but one of 21 defendants in this action. There are two separate motions to dismiss that are pending and Steven Ganote is engaged in settlement negotiations. ASC's desire to have this case move forward is not unreasonable. The concerns listed by ASC are not insubstantial concerns and they are more than sufficient to counter Burkhart's arguments about the hardship he would encounter if required to continue litigating this action. The Court also finds that a stay is not likely to simplify this case and a stay will not reduce the burden of litigation on the parties and on the Court. The interests of efficiency and economy in litigation are, in the Court's view, best served by moving cases along. This Court has the duty to "secure the just, speedy, and inexpensive determination of every action and proceeding," *see* Fed. R. Civ. P. 1. Burkhart has not made a compelling case that staying the case would serve that purpose.

Regarding his Fifth Amendment concerns, ASC has pointed out that a Stipulated Protective Order is in place which prevents the parties from disclosing certain information produced in this litigation to parties outside of the litigation. ([Filing No. 68](#).) They explain that because the Government is not a party to this case, such an order can be used to shield Burkhart from any perceived Fifth Amendment concerns. *See Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1215 & n.13 (8th Cir. 1973) (affirming denial of defendant's request to stay and reasoning that

since the Government was not a party to the case, "[a]nswers to interrogatories could have been sealed except for the use of the parties and their counsel in the civil litigation"). (Filing No. 96 at 9, n. 4.)

The Court will not stay the proceedings while Burkhart pursues his § 2255 petition. The parties should confer—and if necessary consult with the Magistrate Judge—regarding conducting discovery in such a way as to maximize efficiency and avoiding duplicative discovery and violating Burkhart's constitutional rights. District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). The court may, "for good cause," limit the scope of discovery to "protect a party from … undue burden or expense." Fed. R. Civ. P. 26(c)(1); see also *Friends of the Parks v. Chi. Park Dist.*, No. 14-cv-9096, 2015 WL 4111312, at *1 (N.D. Ill. Jul. 6, 2015).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the James Burkhart's Motion to Stay Civil Proceedings (Filing No. 87), while his section 2255 motion is pending.

**SO ORDERED.**

Date: 2/1/2019

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
elitoff@rshc-law.com

Kelly M. Warner
RILEY SAFER HOLMES & CANCILA LLP
kwarner@rshc-law.com

Laura Kleinman
RILEY SAFER HOLMES & CANCILA LLP
lkleinman@rshc-law.com

Matthew C. Crowl
RILEY SAFER HOLMES & CANCILA LLP
mcrowl@rshc-law.com

Ronald S. Safer
RILEY SAFER HOLMES & CANCILA LLP
rsafer@rshc-law.com

Valarie Hays
RILEY SAFER HOLMES & CANCILA LLP
vhays@rshc-law.com

Benjamin J. Widlanski
KOZYAK TROPIN & THROCKMORTON LLP
bwidlanski@kttlaw.com

Daniel S. Maland
KOZYAK TROPIN & THROCKMORTON LLP
dmaland@kttlaw.com

Bradley J. Wombles
NORRIS CHOPLIN & SCHROEDER
bwombles@ncs-law.com

Peter A. Schroeder
NORRIS CHOPLIN & SCHROEDER
pschroeder@ncs-law.com

Jackie M. Bennett, Jr.
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jbennett@taftlaw.com

Richard Charles Richmond, III
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
rrichmond@taftlaw.com

Arthur R. Baxter, Jr.
BAXTER JAMES & ROSE
arb@bjrlegal.com

Edward F. Schrager
BAXTER ROSE & SCHRAGER
eschrager@brs-lawyers.com

Donna R. Eide
EDWARD F. SCHRAGER LLC
dreide@earthlink.net

David J. Carr
ICE MILLER LLP (Indianapolis)
david.carr@icemiller.com

Paul Conrad Sweeney
ICE MILLER LLP (Indianapolis)
paul.sweeney@icemiller.com

Stephanie Carowan Courter
ICE MILLER LLP (Indianapolis)
stephanie.courter@icemiller.com