# EXHIBIT A

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:17-cv-3273-TWP-DML |
| | ) | |
| v. | ) | Honorable Tanya Walton Pratt |
| | ) | |
| JAMES BURKHART, et al. | ) | Honorable Debra McVicker Lynch |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF AMENDED SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff American Senior Communities, LLC, by and through its undersigned counsel, will cause the attached subpoena to be served on Barnes & Thornburg LLP commanding certain documents to be produced at Riley Safer Holmes & Cancila LLP, 70 W. Madison Street, Suite 2900, Chicago, Illinois 60602, no later than April 18, 2019 at 9:00 a.m.

Dated: March 21, 2019

Respectfully submitted,

/s/ *Eli J. Litoff*
Ronald S. Safer (*pro hac vice*)
Matthew C. Crowl (*pro hac vice*)
Valarie Hays
Kelly M. Warner (*pro hac vice*)
Laura Kleinman (*pro hac vice*)
Eli J. Litoff (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison, Suite 2900
Chicago, Illinois 60602
312-471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
vhays@rshc-law.com
kwarner@rshc-law.com
lkleinman@rshc-law.com
elitoff@rshc-law.com

*Attorneys for American Senior Communities, L.L.C.*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on March 21, 2019, I caused the foregoing document to be served on

via electronic mail on the following counsel of record:

Benjamin J. Widlanski (*pro hac vice*)
Daniel S. Maland (*pro hac vice*)
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
bwidlanski@kttlaw.com
dmaland@kttlaw.com

Peter A Schroeder
Bradley J. Wombles
Norris Choplin & Schroeder LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN 46204
pschroeder@ncs-law.com
bwombles@ncs-law.com

*Attorneys for James Burkhart, ACCD LLC
(d/b/a Crusader Healthcare Services III),
American Senior Care LLC, JACCD LLC
(d/b/a Crusader IV, 105214 Investments LLC
(d/b/a Crusader Healthcare Services, and
105210 Investments LLC (d/b/a Crusader
Healthcare Services II)*

David J. Carr
Stephanie C. Courter
Paul C. Sweeney
ICE Miller, LLP
One America Square, Suite 2900
Indianapolis, IN 46282
317-236-2100
david.carr@icemiller.com
stephanie.courter@icemiller.com
paul.sweeney@icemiller.com

*Attorneys for Bright HVAC LLC, BTS
Solutions LLC, BTS Ventures LLC (d/b/a Best
Choice), Cardinal Distribution LLC, Finite
Capital LLC (d/b/a Healthcare By Design),
Force Holding Company LLC, Indiana
Uniform Company LLC, Med-Healthline
Supply LLC, and Oregon Properties LLC*

Edward F. Schrager
Arthur R. Baxter, Jr.
Donna R. Eide
Baxter Rose & Schrager
50 E. 91th St., Suite 103
Indianapolis, IN 46240
317-842-1600
eschrager@brs-lawyers.com
abaxter@brs-lawyers.com
dreide@earthlink.net

*Attorney for Roger Werner*

A copy of the foregoing document was also served upon Daniel Benson at the following address:

Daniel Benson
Inmate No. 15431-028
FPC Montgomery
Maxwell Air Force Base
Montgomery, AL 36112

A copy of the foregoing document was also served upon Joshua Burkhart, Circle Consulting LLC, and Heartland Flag LLC at the following address:

Joshua Burkhart
10124 Cheswick Lane
Fishers, IN 46037

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| American Senior Communities, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-3273-TWP-DML |
| James Burkhart, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Barnes & Thornburg LLP
c/o General Counsel Karoline E. Jackson, 11 South Meridian Street, Indianapolis, IN 46204

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Eli Litoff | Date and Time: |
|---|---|
| Riley Safer Holmes & Cancila LLP | |
| 70 W. Madison Street, Suite 2900, Chicago, IL 60602 | 04/18/2019 9:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/28/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Eli J. Litoff |
| *Signature of Clerk or Deputy Clerk* | | _____ |
| | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
American Senior Communities, LLC _____ , who issues or requests this subpoena, are:

Eli Litoff, Riley Safer Holmes & Cancila, LLP, 70 W. Madison St. Chicago, IL 60602; elitoff@rshc-law.com; 312-471-8780

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:17-cv-3273-TWP-DML

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

**I.**     **Instructions**

1.     "Barnes & Thornburg" refers to Barnes & Thornburg LLP and any of its employees, agents, representatives, subsidiaries, parents, or other affiliates.

2.     Please produce all documents as they are kept in the ordinary course of business and/or correlate the production to the specific requests below.

3.     Please produce all documents with all metadata contained within such documents in the usual course of business.

4.     Please produce Electronically Stored Information ("ESI") in a form that neither removes nor degrades the ability to search the ESI by electronic means where the ESI in ordinarily maintained in a way that makes it searchable by electronic means.

5.     Please provide a privilege log for any documents withheld on the basis of the attorney-client privilege, the attorney work product doctrine, or any similar privilege or protection. Please note that documents and communications related to *United States v. Burkhart*, 1:16-cr-212-TWP-TAB-1, should not be withheld on the grounds of attorney-client privilege or attorney work product protection, as James Burkhart has waived those protections by asserting that Barnes & Thornburg provided ineffective assistance of counsel in relation to that case. *See Burkhart v. United States*, 1:18-cv-04013-TWP-DLP, ECF. Nos. 18 and 20 (joint motion signed by James Burkhart's counsel acknowledging the waiver and Protective Order entered by the Court acknowledging the waiver).

6.     This subpoena does not seek material (1) that the United States produced to the defendants and defense team or (2) that any third party produced to any defendant and/or to the United States during discovery proceedings in *United States v. Burkhart, et al.* Case No. 1:16-cr-212-TWP-TAB-1, *see* ECF No. 124 at ¶ 1 (hereinafter, "Discovery Material").

7.      Materials otherwise in the possession, custody, and control of Barnes & Thornburg shall not be deemed Discovery Material merely because the same materials were produced during discovery in *United States v. Burkhart, et al*.  Case No. 1:16-cr-212-TWP-TAB-1.

## II.      **Documents Requested**

1.      Any and all documents, other than Discovery Material, that show James Burkhart's, Daniel Benson's, Steven Ganote's, or Joshua Burkhart's ownership of entities conducting business with ASC or HHC, including but not limited to:

      A.      Articles of organization or other organizing documents;

      B.      Operating agreements and/or similar documents sufficient to identify the members of the entity;

      C.      Communications, including letters, emails, and text messages related to the entity;

      D.      Organizational charts, employee lists, and/or similar documents sufficient to identify the employees of the entity;

      E.      Contracts or agreements entered into by the entity;

      F.      Any and all financial records for the entity, including income statements, balance sheets, cash flow statements, payroll records, and tax returns; and

      G.      Any and all bank statements showing all payments made to and from the entity.

2.      Any and all documents, other than Discovery Material, evidencing payments to James Burkhart, Daniel Benson, Steven Ganote, Josh Burkhart, or any entity in which any of them had an ownership or financial interest, from ASC, HHC, or any entity conducting business with ASC or HHC.

3.      Any and all documents, other than Discovery Material, evidencing travel to China or business conducted with individuals or entities in China, including but not limited to CHJ Investments Co., Ltd., by American Senior Care LLC, James Burkhart, Daniel Benson, or Jeff Cooper.

4.      Any and all documents, other than Discovery Material, evidencing ASC's payment of bonuses to James Burkhart, Daniel Benson, and Roger Werner at James Burkhart's direction.

5.      Any and all documents, other than Discovery Material, evidencing James Burkhart's purchase of gold, including gold purchased by Roger Werner on James Burkhart's behalf or at James Burkhart's direction, and payments to Roger Werner in return for the gold purchases.

6.      Any and all documents, other than Discovery Material, evidencing gift cards purchased or reimbursed by James Burkhart with ASC's funds.

7.       Any and all documents, other than Discovery Material, evidencing gifts of $500 or more provided by James Burkhart or at James Burkhart's direction, where the gift was purchased with ASC's funds or the purchase was reimbursed with ASC's funds.

8.      Any and all documents, other than Discovery Material, evidencing the purchase of tickets to sporting events by James Burkhart or at James Burkhart's direction, where the tickets were purchased or reimbursed using ASC's funds.

9.      Any and all documents, other than Discovery Material, evidencing charitable contributions made by James Burkhart or at James Burkhart's direction, where the contributions were made or reimbursed using ASC's funds.

10.     Any and all documents, other than Discovery Material, evidencing travel by James Burkhart or Daniel Benson, where the travel was paid for by ASC or reimbursed using ASC's funds.

11.     Any and all documents, other than Discovery Material, evidencing political contributions made by James Burkhart or at James Burkhart's direction, where the contributions were made or reimbursed using ASC's funds.

12.     Any and all documents, other than Discovery Material, evidencing golf trips paid for by ASC or where ASC's funds were used to reimburse expenses for the trips, including but not limited to trips to Pinehurst, The Greenbrier, and Las Vegas.

13.     Any and all documents, other than Discovery Material, evidencing instances in which ASC paid for or reimbursed James Burkhart, directly or indirectly, for James Burkhart's use of a private plane for travel.

14.     Any and all documents, other than Discovery Material, relating to real estate transactions involving ASC, ASC's owners, HHC, Omega Healthcare Investors, Inc., Formation Capital, LLC, Bill Smith, Daniel Houston, Eric Rothner, and/or Avi Rothner, including but not limited to:

      A.     Communications with any other person or entity regarding any aspect of the transactions, including the negotiation and/or execution of put agreements, covenant support agreements, consulting agreements, or any other agreement associated with the transactions;

      B.     Copies of all versions of draft or redlined put agreements, covenant support agreements, consulting agreements, or other agreements associated with the transactions;

C.      Documents showing all payments made to James Burkhart or any entity in which James Burkhart had an ownership or financial interest as a result of the transactions;

D.      Documents showing any consulting services provided by Bill Smith or Daniel Houston to ASC; and

E.      Communications with any attorney purporting to represent ASC or purporting to act on ASC's behalf in connection with the transactions.

15.      Any and all documents and communications, other than Discovery Material, that relate to, refer to, reflect, evidence, discuss, or summarize the documents and communications sought by Request Nos. 1 through 14.

16.      Communications with James Burkhart in connection with *United States v. Burkhart*, 1:16-cr-212-TWP-TAB-1, that relate to any of the following:

A.      The strength of the Government's evidence against James Burkhart and his co-defendants;

B.      Possible defenses; and/or

C.      Litigation and trial strategies.

17.      The following documents related to the action styled *JACCD, LLC v. FC Domino Acquisition, LLC et al.*, Case No. 29C01-1601-CC-344 (Hamilton County Circuit Court, Filed January 14, 2016):

A.      Any and all documents produced by any party or third party;

B.      Any and all written discovery propounded or received by any party;

C.      Any subpoenas issued to third parties and any responses thereto;

D.      Any and all court filings; and

5

E.    Any and all transcripts, including trial transcripts, hearing transcripts, and deposition transcripts.