UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMERICAN SENIOR COMMUNITIES L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | Case: 1:17-cv-03273-TWP-DML |
| v. | ) ) | |
| JAMES BURKHART, *et al.*, | ) ) | |
| Defendants. | ) | |

### DEFENDANT ROGER WERNER'S MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENTS

Defendant, Roger Werner ("Werner"), by his attorneys, moves this Court to compel Plaintiff, American Senior Communities, L.L.C. ("ASC") to identify and produce all settlement agreements to which it is a party for acts and omissions arising from the subject matter of this litigation. In support of this motion, Werner would show the Court:

1. Prior to and during this litigation, ASC has reached settlement agreements with an undisclosed number of individuals and entities on issues that arise from and relate to the subject matter of this litigation.

2. There is presently outstanding a request for production of documents propounded by Werner to ASC to produce all such settlement agreements. ASC has contended that it is contractually prohibited from providing all such settlement agreements due to confidentiality and non-disclosure provisions in each such settlement agreement.

3. Quite recently, ASC released four such agreements based on permission given by the opposing party to each of the four settlement agreements.

4. On May 28, 2019, the undersigned lawyer met with ASC's attorney, Ron Safer in Chicago, Illinois. It was during this meeting that a discussion took place with respect to the

settlement agreements. Mr. Safer indicated that ASC does not have a formal position on this motion.

5. It is settled law that settlement agreements are discoverable in litigation that relate to the subject matter of the settlement even if there is contractual language that restricts or conditions its release or that renders the entirety of the settlement agreement confidential.

6. Confidential settlement agreements between a plaintiff and co-defendants and non-parties who are potential co-defendants do not enjoy a special privilege under federal law. They are discoverable by a non-settling co-defendant under certain circumstances and are subject to general discovery standards of Rule 26(b)(1), Fed.R.Civ.P. *Meharg v. I-Flow Corp.*, 2009 WL 3032327 *2-3 (S.D. Ind. 2009) (Judge Hamilton). The ultimate question is whether settlement agreements are relevant to any issue of defense in the case under Rule 408. *Id*.

7. As it applies to this case, settlement agreements are discoverable under two separate and independent bases. If there is joint liability in the case and the jury will be asked to apportion liability, the monetary amount of settlement is relevant. *Id*. at 5. Moreover, the discovery of the amount of a settlement agreement "could foster settlement talks, which in turn promotes judicial economy. . . [by permitting] remaining defendants to evaluate their risks in continuing with the litigation." *Id*. at 4.

8. Settlements agreements are also relevant if their terms can be used to impeach a witness who has entered into a settlement agreement to show bias, interest, credibility, or prejudice. *Id*. at 4. Because the settlement agreements may be relevant under Rule 408, they are discoverable for these purposes under Rule 26 to give a defendant "a fair opportunity to see if they might be used." *Id*. at 4. In fact, the Seventh Circuit reversed a case for abuse of discretion finding that exclusion of a settlement agreement for this purpose would be an abuse of discretion.

*Bankcard America, Inc. v. Universal Bankcard Systems, Inc.*, 203 F.3d 477, 483-84 (7th Cir. 2000). This is particularly apropos in the present case as several of the provided settlement agreements contain cooperation provisions that mirror plea agreements of cooperating individuals in criminal cases.

9. The fact that a [non-party] potential co-defendant in an action [has settled] . . . could color the testimony [of the non-party] regarding other named defendants. The actual amount of the settlement can impact witness credibility. *In re CF-Related Securities Fraud Litigation* 2003 WL 24136089 (N.D. Oklahoma 2003).

10. The issue of disclosing the settlement agreements has been the subject of numerous written communications between ASC and Werner. It is preferable to not attach such communications as they also refer to remaining disputed issues pertaining to discovery that the parties continue to attempt to work through.

11. Although ASC is not taking a position on this motion, based on the nature of the discussion between lawyers on May 28, 2019, the undersigned is confident that ASC does not object to the way Werner is attempting to obtain the remaining settlement agreements.

12. Werner seeks an order whereby within a period of 14 days of its issuance, that ASC deliver all such settlement agreements to his attorneys, or within such period that ASC objects specifically to the release of specific settlement agreements and identify legal authority for its position.

WHEREFORE, Roger Werner seeks relief consistent with the matters set forth in this motion and for all other just and proper relief.

        Respectfully Submitted,

        s/ Edward F. Schrager
        Edward F. Schrager, #1517-49
        Donna R. Eide, #12499-98
        Arthur R. Baxter, Jr., #10774-49
        BAXTER ROSE & SCHRAGER LLP
        50 E. 91st Street, Suite 103
        Indianapolis, IN 46240
        Telephone: (317) 842-1600
        Fax: (317) 842-1840
        eschrager@brs-lawyers.com
        dreide@earthlink.net
        abaxter@brs-lawyers.com
        *Attorneys for Defendant, Roger Werner*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2019, I caused the foregoing document to be filed using the Court's electronic filing system, which will send notice of this filing to all counsel of record. Additionally, I will cause notice of this filing to be sent via U.S. Mail, postage prepaid, to Daniel Benson, Joshua Burkhart, Circle Consulting LLC, and Heartland Flag LLC at the following addresses:

    Daniel Benson
    Inmate No. 15431-028
    FPC Montgomery
    Maxwell Air Force Base
    Montgomery, AL  36112

    Joshua Burkhart
    10124 Cheswick Lane
    Fishers, IN  46037

        s/ Edward F. Schrager
        Edward F. Schrager, #1517-49