IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No. 1:17-cv-3273-TWP-DML ) |
| JAMES BURKHART, ET AL., | ) ) ) |
| Defendant. | ) |

## MOTION OF NONPARTIES FIRST FEDERAL SAVINGS BANK AND THOMAS MILLS TO QUASH THIRD-PARTY SUBPOENAS AND MOTION FOR PROTECTIVE ORDER

Nonparty First Federal Savings Bank ("First Federal") and its employee, nonparty Thomas Mills ("Mr. Mills"), request that this Court enter a protective order pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3) forbidding in whole or in part the discovery sought by subpoenas that Plaintiff American Senior Communities, LLC ("ASC") issued to them.

As a threshold matter, Mr. Mills holds no documents responsive to ASC's subpoena in a personal capacity — any documents requested by ASC, to the extent they exist, are controlled by his employer, First Federal. Mr. Mills has already informed ASC that he holds no responsive documents in his individual capacity. Ex. 1, Mills Subpoena Objections; Ex.2, 5/6/19 email. Accordingly, any order to produce documents under the subpoenas should be directed only to First Federal.

Turning to the subpoena to First Federal, First Federal is a complete stranger to this litigation. First Federal was subpoenaed because it has a banking relationship with another nonparty to this litigation, Rob New, who has also been subpoenaed. First Federal is not named in the complaint in this litigation and was not involved in any of the conduct alleged in the complaint. ASC contends that First Federal may have bank records for the accounts of Rob New that reflect payments to or from Jim Burkhart, a defendant in the litigation.

By correspondence dated June 14, 2019, First Federal responded to the subpoenas as it relates to all requests pertaining to parties other than Mr. New or his entities. First Federal and Mr. Mills adopt and incorporate by reference the arguments of nonparty Rob New as described in his motion to quash and motion for protective order, and his memorandum in support of those motions.  The subpoenas are barred by the Confidential Settlement Agreement between Mr. New and ASC, which released "any and all claims, demands, damages, actions, causes of action, suits, costs (including court costs), expenses, attorneys' fees, judgments, sums of money or claims of any kind or nature whatsoever" against Mr. New and his companies.  This release bars the requested discovery into ten years of Mr. New's financial records.  *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 648 (9th Cir. 1980).  In addition, the subpoenas are an overbroad fishing expedition into irrelevant information that impose an undue burden on nonparties.  *See Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015); *Tresona Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at *2-*3 (N.D. Ill. Aug. 17, 2015).  Finally, the subpoenas fail to make the "clear showing of immediate need" necessary for the disclosure of confidential commercial information.  *Pioneer Hi-Bred Intern. Inc. v. Holden's Foundation Seeds, Inc.*, 105 F.R.D. 76, 81-82 (N.D. Ind. Feb. 15, 1985) (citations omitted).

First Federal and Mr. Mills independently object to the subpoenas on two additional grounds. ***First***, the subpoenas — which seek ten years' worth of all financial records and communications relating to particular customers, primarily Mr. New, who is not himself a party to the litigation — are overbroad and unduly burdensome as a matter of law.  *E.g. U.S. ex rel. Pool v. NMC, Inc.*, No. 2:09-CV-66-WTL-WGH, 2010 WL 4668790, at *2 (S.D. Ind. Nov. 9, 2010) ("The subpoena, as issued, is overbroad in that it would require disclosure of all of [the defendant's] financial transactions, both relevant and irrelevant to the issues presented in this litigation."); *Ultimate Timing, L.L.C. v. Simms*, No. 3:09-MC-6-RLY-WGH, 2010 WL 378436, at *1 (S.D. Ind. Feb. 1, 2010) ("These requests by Plaintiffs for 'all financial records' are simply too broad and, therefore, are unduly burdensome.").

*Second*, the subpoenas to Mr. Mills and First Federal impose an undue burden because they are duplicative of requests that could be (or have been) made to parties to the case, including Mr. Burkhart. *See Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 255 (S.D. Ind. 2002) (quashing subpoena to nonparty employer because "this information is discoverable through a less intrusive means . . . Defendant may serve a request for production on [the plaintiff].")  This is particularly true in light of First Federal's significant obligations as a bank to protect its customers' confidential information, to provide appropriate notice, and to honor customer attempts to opt out of disclosures.  *See, e.g.* 15 U.S.C. §§ 6801-02 ("each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information").  Mr. Burkhart or other individuals would not be subject to the same level of confidentiality and notice obligations.

For all of these reasons, First Federal and Mr. Mills respectfully request that this Court enter an order granting this Motion, granting a protective order precluding the discovery sought in the subpoenas to Mr. Mills and First Federal, and quashing ASC's subpoenas to Mr. Mills and First Federal.

Dated:  June 14, 2019                                             **CARSON LLP**

                                                                  By: */s/ Robert Nicholson*
                                                                          Robert Nicholson
                                                                          CARSON LLP
                                                                          301 W. Jefferson Blvd., STE 200
                                                                          Fort Wayne, IN 46802
                                                                          (260) 423-9411
                                                                          nicholson@carsonllp.com
                                                                          *Attorney for First Federal and Thomas Mills*

## **CERTIFICATE OF SERVICE**

  I, Robert Nicholson, an attorney, certify that on June 14, 2019, I served the foregoing upon the following attorney of record via electronic mail:

>Eli Litoff
>Riley Safer Holmes & Cancila, LLP
>70 W. Madison Street
>Chicago, IL  60602

                By:  /s/ Robert Nicholson