## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Civil Action No. 1:17-cv-3273-TWP-DML ) |
| BURKHART et al., | ) ) ) |
| Defendants. | ) |

### NONPARTY ROB NEW'S MOTION TO QUASH THIRD-PARTY SUBPOENAS AND MOTION FOR PROTECTIVE ORDER

Nonparty Rob New ("Mr. New") requests that this Court enter a protective order pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3) forbidding in whole or in part the discovery sought by subpoenas that Plaintiff American Senior Communities, LLC ("ASC") issued to him, to First Federal Savings Bank ("First Federal"), and to Thomas Mills, and quashing those subpoenas. As described in more detail in the accompanying Memorandum, Mr. New entered into a Confidential Settlement Agreement with ASC that precludes ASC from demanding documents from him. Moreover, the subpoenas amount to a hopelessly overbroad fishing expedition into materials that have no articulated relevance to this case and impinge on Mr. New's substantial privacy interests.

First, the subpoenas are barred by the Confidential Settlement Agreement between Mr. New and ASC, which released "any and all claims, demands, damages, actions, causes of action, suits, costs (including court costs), expenses, attorneys' fees, judgments, sums of money or claims of any kind or nature whatsoever" against Mr. New and his companies. This release bars the requested discovery. *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 648 (9th Cir. 1980).

Second, the subpoenas are an overbroad fishing expedition that imposes an undue burden on a nonparty. *See Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015); *Tresona Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at *2-*3 (N.D. Ill. Aug. 17, 2015). ASC has issued broad requests relating to Mr. New's business transactions and communications with a range of people over a range of topics over a decade. These requests are not at all relevant to ASC's racketeering case against Mr. Burkhart and ASC has not articulated any theory that would make them relevant.

Third, the subpoenas impermissibly seek to compel Mr. New to disclose confidential commercial and other financial information to his competitor without a "clear showing of an immediate need." *Pioneer Hi-Bred Intern. Inc. v. Holden's Foundation Seeds, Inc.*, 105 F.R.D. 76, 81-82 (N.D. Ind. Feb. 15, 1985) (citations omitted).

**WHEREFORE**, Mr. New respectfully requests that this Court enter an order granting this Motion, granting a protective order precluding the discovery sought in the subpoenas to Mr. New, Mr. Mills, and First Federal, and quashing ASC's subpoenas to Mr. New, Mr. Mills, and First Federal. In the alternative, Mr. New asks that discovery from Mr. New, Mr. Mills, and First Federal be limited to the items that Mr. New already offered to produce in his compromise proposal described on page 8 of his memorandum in support of this motion and the April 5, 2019 email attached as part of Exhibit 7 to the memorandum.

Dated:  June 14, 2019                           **DELK MCNALLY LLP**

                                                By:  */s/ Jason Delk*

                                                Jason Delk
                                                DELK MCNALLY LLP
                                                211 South Walnut St.
                                                Muncie, IN 47305
                                                delk@delkmcnally.com

                                                Anton R. Valukas (pro hac vice pending)
                                                Robert R. Stauffer (pro hac vice pending)
                                                Caroline L. Meneau (pro hac vice pending)
                                                JENNER & BLOCK LLP
                                                353 N. Clark St.
                                                Chicago, IL 60654
                                                avalukas@jenner.com
                                                rstauffer@jenner.com
                                                cmeneau@jenner.com

## CERTIFICATE OF SERVICE

I, Jason Delk, an attorney, certify that on June 14, 2019, I filed the foregoing using the Court's CM/ECF system, which will cause a copy to be served on all counsel of record.

                                                By:  /s/ Jason Delk