# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 1:17-cv-3273-TWP-DML |
| JAMES BURKHART, ET AL., | ) ) ) |
| Defendant. | ) |

**RESPONSES AND OBJECTIONS OF NON-PARTY ROB NEW
TO THE SUBPOENA TO PRODUCE DOCUMENTS
FROM AMERICAN SENIOR COMMUNITIES, LLC**

Pursuant to Federal Rule of Civil Procedure 45, non-party Rob New ("Mr. New") submits the following objections and responses to the subpoena for documents served by American Senior Communities, LLC ("ASC") dated March 5, 2019 and served on counsel for Mr. New via agreement to accept service on March 13, 2019 (the "Subpoena"). Pursuant to the agreement of counsel for Mr. New and ASC that responses may be served by April 26, these objections are timely.

**GENERAL OBJECTIONS**

1. The following General Objections apply to each individually numbered request set forth in the Subpoena and shall have the same force and effect as if set forth fully in specific response to each.

2. Mr. New objects to the Subpoena because it purports to require the production of documents in Chicago, Illinois. A Subpoena for documents must direct compliance "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Mr. New does not reside, is not employed, and does not

regularly transact business in person within 100 miles of Chicago, Illinois. Accordingly, the Subpoena is invalid. *See* Fed. R. Civ. P. 45(d)(2)(B).

3. Mr. New objects to the Subpoena because ASC has informed him that certain requests are designed to identify the assets of Jim Burkhart, a defendant in the litigation, but asset discovery is premature at this pre-judgment stage of the litigation.

4. Mr. New objects to the Subpoena on the grounds that it is barred by Mr. New's October 2017 Confidential Settlement Agreement with ASC. In the Confidential Settlement Agreement, ASC released Mr. New from "all claims, demands, damages, actions, causes of action, suits, costs (including court costs), expenses, attorneys' fees, judgments, sums of money or claims of any kind or nature whatsoever." Accordingly the document demands reflected in the subpoena are precluded by the release and are improper. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 648 (9th Cir. 1980). "If indeed the cooperation of [Mr. New] for the production of documents . . . was a matter of importance to [ASC]. . . such obligations could easily have been spelled out and defined" in the Settlement Agreement. *Id.*

5. Mr. New objects to the Subpoena on the grounds that it is overly broad and unduly burdensome. The Subpoena contains four categories of requests covering bank records, communications, and other documents relating to more than 20 separate individuals or entities and covering a span of more than ten years. The requests exceed the bounds of discovery set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Further, many requests made of Mr. New seek information that is equally available to parties to the case.

6. Mr. New objects to the Subpoena to the extent that it seeks to impose on Mr. New any requirements that are beyond or inconsistent with the requirements imposed by the applicable Federal Rules of Civil Procedure; rules and orders of the Court; and/or other applicable agreements.

7. Mr. New objects to any request to the extent it seeks disclosure of documents or information that is not confined to the claims or defenses in this action, not relevant to the issues in this litigation, and/or not proportional to the needs of the case.

8. Mr. New objects to these requests to the extent they are duplicative, unreasonably cumulative, harassing, and/or responding thereto will cause unnecessary expense.

9. Mr. New objects pursuant to Rule 45(e)(2) of the Federal Rules of Civil Procedure to the extent that the requests seek information protected from discovery and disclosure by the attorney-client privilege, the work-product doctrine, or by any other applicable privilege(s) and having no applicable waiver or exception. To the extent that any request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such request is hereby asserted. If any response by Mr. New includes such privileged or protected information, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege or immunity or of any other ground for objecting to discovery with respect to such response, or of any party's right to object during this litigation or otherwise to the use of such response.

10. Mr. New objects to those requests that seek the production of "any and all communications," "any and all documents," or "any and all documents and communications" as

unduly burdensome when the relevant information can be supplied by the production of fewer than "any and all" documents or communications.

11. Mr. New objects to these requests to the extent they purport to require Mr. New to provide documents that are not in his possession, custody, or control and/or to identify documents that are in the possession, custody, or control of others.

12. Mr. New objects to these requests to the extent they seek documents that are already in ASC's possession, custody, or control, that are publicly available, that are equally available to ASC, or that are duplicative of documents already provided.

13. Mr. New objects to these requests to the extent they are vague, ambiguous, or unclear, including the use in the requests of terms that are undefined, vaguely defined, or overbroad in scope and not susceptible to any single meaning. Mr. New's failure to object to any specific term shall not be construed and is not intended to mean that Mr. New understands or agrees with the meaning of that term or definition of that term.

14. Mr. New objects to all requests that are not limited to a time frame relevant to this litigation on the grounds that each such request is overly broad, unduly burdensome, and seeks the discovery of information that is neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor proportional to the needs of the case.

15. Mr. New objects to all requests to the extent they seek production of third-party information in Mr. New's possession, custody or control, or that Mr. New is contractually, legally, or ethically obligated not to disclose.

16. Mr. New objects to all requests that seek the production of confidential, proprietary, or trade secret information.

17.     Mr. New objects to producing confidential personal, financial, proprietary, or trade secret information without an adequate protective order in place. ASC is Mr. New's competitor and business partner. There is no legitimate need for ASC to have access to Mr. New's confidential documents and information. Mr. New cannot produce his personal, financial, proprietary, or trade secret information until ASC obtains the entry of an appropriate Outside Counsel's Eyes Only protective order.

18.     Mr. New objects to producing documents for a date range wider than the date range of 2008 to 9/15/2015 identified as relevant in the Complaint.

## SPECIFIC OBJECTIONS AND RESPONSES

1.     Any and all communications, including but not limited to emails, letters, and text messages, between you and any of the following individuals between January 1, 2009 and the present that in any way relate to, reference, reflect, or evidence any business transaction involving, directly or indirectly, American Senior Communities ("ASC"), ASC's owners, any entity owned or controlled by ASC's owners, or the Health and Hospital Corporation of Marion County ("HHC"):

   a. James G. Burkhart;
   b. Daniel Benson;
   c. Steven Ganote;
   d. Joshua Burkhart;
   e. Roger Werner;
   f. Jeffrey Robbins;
   g. Walter Messersmith;
   h. Mark Derwent, Daniel Booth, or any representative of Omega Healthcare Investors;
   i. David Russ, Devin Battison, or any representative of Formation Capital;
   j. Bill Smith;
   k. Daniel Houston;
   l. Eric Rothner;
   m. Avi Rothner;
   n. Gretchen Zoeller
   o. Pamela Monson
   p. Dr. Daniel Hurley; and
   q. Thomas Mills.

**Response and Objections to Request 1**: Mr. New incorporates his General Objections as if fully stated herein. Mr. New further objects to this request as barred by ASC's release of all demands

5

or claims of any kind or any nature whatsoever against Mr. New. Mr. New further objects to this request because it seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; because it imposes an undue burden on Mr. New, a non-party to the litigation; because it seeks documents that may be obtained from parties to the litigation; and because it is barred by the Confidential Settlement Agreement. Finally, Mr. New objects to providing his confidential business and financial records to ASC—his competitor—and to other parties or witnesses in the litigation, without an appropriate attorney's eyes only protective order.

2. Any and all documents and communications related to any business transaction involving some combination of the following entities/individuals, from January 1, 2009 to the present:

   a. ASC, including its owners and related entities;
   b. HHC;
   c. ACCD LLC d/b/a Crusader Healthcare Services III;
   d. JACCD LLC d/b/a Crusader IV;
   e. 105214 Investments LLC d/b/a Crusader Healthcare Services;
   f. 105210 Investments LLC d/b/a Crusader Healthcare Services II;
   g. Omega Healthcare Investors;
   h. Formation Capital;
   i. Bill Smith and/or Vantage Medical;
   j. Daniel Houston and/or Houston Companies;
   k. Gentiva; and
   l. Eric Rothner, Avi Rothner, and/or any entities owned by the Rothners.

**Response and Objections to Request 2**: Mr. New incorporates his General Objections as if fully stated herein. Mr. New further objects to this request as barred by ASC's release of all demands or claims of any kind or any nature whatsoever against Mr. New. Mr. New further objects to this request because it seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; because it imposes an undue burden on Mr. New, a non-party to the litigation; because it seeks documents that may be obtained from parties to the litigation; and because it is barred by the Confidential Settlement Agreement. Finally, Mr. New objects to

6

providing his confidential business and financial records to ASC—his competitor—and to other parties or witnesses in the litigation, without an appropriate attorney's eyes only protective order.

3. Any and all documents, including but not limited to bank records, that in any way relate to, reference, reflect, or evidence money paid by James Burkhart or his family members or agents or any entity in which Burkhart had an ownership or financial interest, to you, your family members or your agents, or any entity in which you had an ownership or financial interest, from January 1, 2009 to the present.

**Response and Objections to Request 3**: Mr. New incorporates his General Objections as if fully stated herein. Mr. New further objects to this request as barred by ASC's release of all demands or claims of any kind or any nature whatsoever against Mr. New. Mr. New further objects to this request because it seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; because it imposes an undue burden on Mr. New, a non-party to the litigation; because it seeks documents that may be obtained from parties to the litigation; and because it is barred by the Confidential Settlement Agreement. Finally, Mr. New objects to providing his confidential business and financial records to ASC—his competitor—and to other parties or witnesses in the litigation, without an appropriate attorney's eyes only protective order.

4. Any and all documents, including but not limited to bank records, that in any way relate to, reference, reflect, or evidence money paid by you, your family members or your agents or any entity in which you had an ownership or financial interest, to James Burkhart, his relatives 2009 to the present.

**Response and Objections to Request 4**: Mr. New incorporates his General Objections as if fully stated herein. Mr. New further objects to this request as barred by ASC's release of all demands or claims of any kind or any nature whatsoever against Mr. New. Mr. New further objects to this request because it seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; because it imposes an undue burden on Mr. New, a non-party to the litigation; because it seeks documents that may be obtained from parties to the litigation; and because it is barred by the Confidential Settlement Agreement. Finally, Mr. New objects to

7

providing his confidential business and financial records to ASC—his competitor—and to other parties or witnesses in the litigation, without an appropriate attorney's eyes only protective order.

Dated:  April 26, 2019                    **DELK MCNALLY LLP**

                                                     By:  */s/ Jason Delk*
                                                            Jason Delk
                                                            DELK MCNALLY LLP
                                                            211 South Walnut St.
                                                            Muncie, IN 47305
                                                            delk@delkmcnally.com

**CERTIFICATE OF SERVICE**

    I, Jason Delk, an attorney, certify that on April 26, 2019, I served the foregoing upon the following attorney of record via electronic mail:

    Eli Litoff
    Riley Safer Holmes & Cancila, LLP
    70 W. Madison Street
    Chicago, IL  60602

    By:  /s/ Jason Delk