# EXHIBIT 10

| | |
|---|---|
| **From:** | Stauffer, Robert R. |
| **Sent:** | Monday, May 06, 2019 4:41 PM |
| **To:** | 'Eli Litoff'; 'Jason Delk'; Meneau, Caroline L.; Robert Nicholson; Valukas, Anton R.; Myron (Mike) M. Cherry |
| **Cc:** | Valarie Hays; Kelly Warner; Erin Gasparka |
| **Subject:** | RE: ASC v. Burkhart - Subpoenas to New, Mills, First Federal |

Eli,

Thank you for your email. I agree that based on our correspondence, it seems unlikely we will reach an agreement, as your positions articulated below do not represent any significant movement. Mr. New paid a substantial sum to be released from all claims and demands and we believe he is not obligated to respond to the subpoena. We have nonetheless offered to provide documents and information narrowly targeted to the specific purposes you have identified, if you will agree to forego other discovery, but you have not expressed an interest in such an agreement. It does appear that we might be able to reach an agreement on the terms of an attorneys'-eyes-only protective order, and I propose we continue discussions on that topic if we are able to reach agreement on the other issues. Here are our responses to the specific points you raise:

General Objections

1. Although we believe this objection is well-founded, we are willing to withdraw it.

2. The settlement that ASC voluntarily entered into with Mr. New bars ASC's discovery attempts. As you know, we cited *Dart Inds. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 648 (9th Cir. 1980), which is squarely on point. If you have evidence that suggests that our reliance on Dart is misplaced, we will be happy to consider it. As to your comment about attaching the settlement agreement to any filings, we presume and request that any such filing be made under seal, consistent with the agreement's confidentiality provision.

3. You have identified discovery of Mr. Burkhart's assets as one of the principal objectives in seeking documents from Mr. New – in particular his financial records. Given that liability has not yet been established and that Mr. New is not a party to the action, we believe a court would find the wide-ranging and intrusive financial discovery you seek to be inappropriate.

4. The only post-2015 issue you identify is "Mr. Burkhart's *current* financial status." However, your requests go well beyond information relating to Mr. Burkhart's current financial status. Indeed, we have offered to provide information concerning payments to Mr. Burkhart as part of a compromise, and you have rejected that offer.

5. As I mentioned above, we are cautiously optimistic that we could reach agreement on the terms of a protective order if we are able to reach agreement on other issues.

6. We disagree that we made "vague" objections to the overbreadth and excessive burden that would be imposed by your requests. We have clearly identified our concerns about burden and overbreadth repeatedly during our previous discussions. The financial records are one example of this. As we told you in the past, you have not made clear why you need access to Mr. New's financial records and communications with his bank in their entirety, and collecting and producing documents relating to numerous different business entities over a multiyear period will necessarily require enormous effort and burden.

In addition, we also told you that based on your articulated search terms, you are asking Mr. New to review every document in his position that references Mr. New's banker (Tom Mills) or his former lawyer (Jeff Robbins), as well as broad collections of documents relating to his businesses in general.  These terms, and the requests in general, are not tailored to your dispute with Mr. Burkhart.  To the contrary, you have proposed excessively broad search terms that would require a complex ESI collection and review process and thus would require Mr. New to incur significant collection and review expenses even though he is not a party to this litigation.  We have tried to explore ways to limit the scope of these requests, but you have insisted on extremely broad search requests and have been unwilling to narrow them.

Specific Objections

1. You are mistaken in your assertion that I "never responded" to the search terms you proposed on April 11, 2019 - please refer to my April 12, 2019 email.  I noted, for example, that it is unclear why you are seeking all of Mr. New's documents that refer to his lawyer, Jeff Robbins, or his banker, Tom Mills, without limitation.  I also expressed concern that the extremely broad terms were "a wide-ranging fishing expedition."  (This was all after we accepted your initial search terms, communicated as part of an compromise proposal on April 5, 2019, at which point you rejected our condition that no further discovery be requested.)  You responded on April 15, 2019 that "our search terms are appropriately narrow and targeted," but you did not respond to my concerns, did not explain how the search terms relate to your allegations, and did not indicate any willingness to negotiate further.  If you have reconsidered your position, we are willing to continue to discuss substantially narrowed search terms.

2. Mr. New objects to producing documents in response to Request for Production Number 2.  We had previously offered to review documents responsive to the search terms you proposed on April 5, 2019, assuming a reasonable date limitation, in the context of a global understanding that "ASC will not seek additional documents pursuant to those subpoenas (or issue any additional document subpoenas) to Mr. New or his bank, banker, and other agents."  In response, you told me that ASC would also be providing a much broader set of search terms for review and that ASC would not agree to Mr. New limiting his review and production obligations as we had proposed.  To the extent that you are willing to agree to a reasonable date limitation and to agree to a definitive set of search terms that are reasonably limited and will not result in an overly burdensome review, we are willing to discuss that.

3. You describe requests 3 and 4 as "targeted," but you have rejected our effort to target them to actual payments to Mr. Burkhart and his entities.  For example, if a check register includes one payment to Mr. Burkhart, you apparently still believe you are entitled to the entire check register, a position that is inconsistent with your statement that you "are not seeking records that have no relation to Burkhart or ASC."  Accordingly we stand on the objections we have asserted.

First Federal's Specific Objections

If you are willing to explore limitations that address the concerns described above and in our previous correspondence, and we can reach an agreement, then presumably the same agreement would apply to the First Federal subpoena and we would withdraw our objections to that subpoena..

Mr. Mills's Specific Objections

We will defer to Mr. Nicholson to respond to your assertions, but we note that we have no reason not to accept his representations on behalf of Mr. Mills.

Conclusion

We appear to be where we were before.  You have insisted on access to financial records that go far beyond the stated purpose of seeking information concerning Mr. Burkhart's assets, and you have insisted on far-ranging search terms that go well beyond any apparent relevance to your claims against Mr. Burkhart.  Responding to these requests will be intrusive and burdensome on Mr. New, an individual who is not a party and who provided substantial consideration for a release from all claims and demands.  We have offered to explore compromises that would get you the information you really need in a way that minimizes the burden and intrusion on Mr. New, but you have expressed no interest in further narrowing your search terms or your requests for financial records.  Under those circumstances, we must persist in our objections.

Best regards,

Bob

---

**From:** Eli Litoff [mailto:elitoff@rshc-law.com]
**Sent:** Thursday, May 02, 2019 8:07 PM
**To:** Stauffer, Robert R. <RStauffer@jenner.com>; 'Jason Delk' <delk@delkmcnally.com>; Meneau, Caroline L. <CMENEAU@JENNER.COM>; Robert Nicholson <nicholson@carsonllp.com>; Valukas, Anton R. <AValukas@jenner.com>; Myron (Mike) M. Cherry <mcherry@cherry-law.com>
**Cc:** Valarie Hays <vhays@rshc-law.com>; Kelly Warner <Kwarner@rshc-law.com>; Erin Gasparka <egasparka@rshc-law.com>
**Subject:** ASC v. Burkhart - Subpoenas to New, Mills, First Federal

External Email – Exercise Caution
Dear Counsel:

Thank you for providing your written objections and responses to ASC's subpoenas to Mr. New, Mr. Mills, and First Federal Bank (the "Subpoena Recipients"). Based on those objections and responses, as well as our communications over the past two months, we do not believe we will be able to bridge the gap between our positions, and accordingly we feel that court intervention is required. That said, please see ASC's responses below, which reflect our last attempt to resolve (or at least narrow) our disputes before seeking court intervention. Given that our back and forth has lasted nearly two months, we need to bring this matter to closure promptly. With that in mind, we request that you inform us by Monday, May 6, whether you agree to the below parameters. If not, will reach out to Magistrate Judge Lynch on May 7 to request a telephonic conference regarding the subpoenas.

Best Regards,
Eli

The Subpoena Recipients' General Objections

1. We note your objections to Chicago as the place of compliance. While we anticipate this is a non-issue given that documents are likely to be produced electronically or via mail, ASC agrees to the Subpoena Recipients producing documents in Indiana, Florida, or any other location that is convenient to them.

2. Your contention that ASC's settlement with Mr. New precludes ASC from seeking discovery from Mr. New (and apparently from Mr. Mills and First Federal, who are not parties to that agreement) is not supported by the agreement itself, the parties' course of dealing, or the applicable case law.  We ask that you withdraw this objection, and we note that if you insist on putting the interpretation of the settlement agreement at issue, we will be forced to attach the agreement to any filings despite its confidentiality provisions.

3. Your objection stating that "asset discovery is premature at this pre-judgment stage of the litigation" is misplaced for two reasons. First, the purpose of ASC's requests is not solely to identify assets. The requests also

3

4. Because asset discovery is appropriate, your objection to limiting the relevant time period to pre-September 2015 is unwarranted. ASC is entitled to discovery regarding transfers to Mr. Burkhart and documents reflective of Mr. Burkhart's *current* financial status. ASC will not agree to limit its requests to the pre-September 2015 time period.

5. ASC will agree to a protective order that allows the Subpoena Recipients to designate certain documents as Attorneys' Eyes Only, provided that the order allows ASC an acceptable procedure to challenge such a designation, and allows ASC to show designated documents to:

    a. The Court and its personnel, court reporters, and videographers
    b. Experts, consultants, investigators, and others working at the direction of counsel.
    c. Any person who was either an author or recipient, or has previously seen or otherwise had access to the document in the ordinary course of business.
    d. Witnesses during a deposition or hearing under the following circumstances: (1) disclosure to the witness is reasonably necessary, (2) the witness shall not be permitted to retain a copy of the document, and (3) Mr. New's counsel has been provided with 7-days' advance notice of the deposition or hearing.

6. Although you have made general objections based on overbreadth and burden, you have never explained why producing any particular documents is burdensome. If there are specific aspects of the requests that imposed an undue burden on the Subpoena Recipients, you should have shared that information during our nearly two-month-long negotiations. As you know, vague assertions of burden are not sufficient when objecting to discovery.

target documents that are relevant to ASC's underlying claims. Second, case law within the Seventh Circuit and the Southern District of Indiana is clear that discovery of assets is appropriate pre-judgment, especially where punitive damages are available, as they are in this case.

Mr. New's Specific Objections

1. **Request 1:** ASC proposed search terms to limit this request on April 11, 2019. Counsel for Mr. New never responded. Other than agreeing to search terms, ASC cannot agree to limit what is already a targeted request.

2. **Request 2:** ASC proposed search terms on March 29, 2019, to which Mr. New's counsel agreed on April 5, 2019. It appears the only dispute here is whether the search should extend past September 2015. For the reasons stated above in regard to your general objections, ASC cannot agree to narrow the time-period.

3. **Requests 3-4:** These are already targeted requests. They are limited to Mr. New's records reflecting payments to or from Jim Burkhart, his family members, his agents, or any entity in which Mr. Burkhart had an ownership or financial interest (including cash withdrawals that were subsequently transferred to Mr. Burkhart or his family members). We have explained that we are not seeking records that have no relation to Burkhart or ASC. But to the extent a document is responsive, it should be produced in its entirety. The presence of an appropriate protective order, as described above, should alleviate any privacy concerns.

First Federal Bank's Specific Objections

Despite First Federal's boilerplate objections based on relevance and burden, ASC interprets First Federal's position to be that it will produce responsive documents so long as ASC reaches agreement with Mr. New. If this understanding is incorrect, please let us know.

Mr. Mills' Specific Objections

For each of the three requests, Mr. Mills has responded that he has no responsive documents, and that any such responsive documents in his possession, custody, or control. ASC requests that Mr. Mills provide further information regarding the search he conducted to reach this conclusion.  ASC has reason to believe that Mr. Mills has a relationship with Mr. Burkhart, Mr. New, and their companies separate and apart from his employment with First Federal, and is therefore likely to have responsive documents in his possession, custody, or control. Furthermore, Request 2 seeks responsive emails and text messages, which would be located on Mr. Mills' cellular phone and would not necessarily be in the possession of the other Subpoena Recipients. To the extent ASC is able to confirm that Mr. Mills and his counsel have performed a diligent search for responsive documents, it will accept Mr. Mills' representation that he possesses no such documents.

Eli Litoff (bio)
**Riley Safer Holmes & Cancila LLP**
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8780
elitoff@rshc-law.com
www.rshc-law.com



CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 471-8700 and also indicate the sender's name. Thank you.

---

**Robert R. Stauffer**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 923 2905 | TEL
+1 312 840 7305 | FAX
RStauffer@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---