# Exhibit 2

Filed under seal

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("Agreement") is made and entered into and between American Senior Communities, LLC ("ASC") and NBA Builders, LLC ("NBA"), Rob New ("New"), and Peter Rath ("Rath"), hereinafter collectively referred to as the "Parties."

### RECITALS

WHEREAS, a dispute has arisen between the Parties, and it is ASC's position that they have claims against NBA, New, Rath, and others in connection with, inter alia, the execution of a purported maintenance agreement between ASC and NBA, which was part of a larger alleged fraud scheme led by ASC's former CEO (the "Dispute");

WHEREAS, NBA, New and Rath deny ASC's allegations of any sort and contend they each have no liability in connection with the Dispute; and

WHEREAS, in the interests of avoiding the costs and uncertainty of litigation, the Parties now wish to settle the Dispute.

**NOW, THEREFORE, IN CONSIDERATION** of the promises, covenants and agreements herein contained, the Parties hereto agree as follows:

1. <u>Payment</u>. In exchange for the provisions in this Agreement, NBA agrees to pay one million five hundred thousand dollars ($1,500,000) (the "Settlement Amount") to ASC. The settlement payment shall be made in the form of a check payable to American Senior Communities, LLC. The check shall be delivered to ASC's General Counsel, Teresa Williams, at 6900 Gray Rd., Indianapolis, IN, 46237, within five (5) business days following the delivery by ASC of a fully executed copy of this Agreement to counsel for NBA, New, and Rath.

2. <u>Mutual Release</u>.

   a. ASC, along with its predecessors, successors, parents, subsidiaries, owners and affiliates (the "ASC Entities"), hereby release, covenant not to sue and not to assist any other party in suing, and forever discharge NBA (including its predecessors, parents, subsidiaries, and affiliates), New, Rath, New's family members (Larry New, Cheryl New, Dylan D. New, Trisha Stacio and Christopher Stacio) and any entities that are currently wholly owned, directly, indirectly or beneficially, by New and/or his family members ("the NBA Released Parties"), from any and all claims, demands, damages, actions, causes of action, suits, costs (including court costs), expenses, attorneys' fees, judgments, sums of money or claims of any kind or nature whatsoever, and particularly on account of all claims, known and unknown, both to person and property, whether or not arising out of, resulting from, or related to the Dispute. For avoidance of doubt, this release includes but is not limited to a release of the NBA Released Parties with respect to any claims ASC has or may have against 105214 Investments LLC and 105210 Investments LLC but does not release claims ASC has or may have against 105214 Investments LLC and 105210 Investments LLC themselves. 105214 Investments LLC and 105210

Investments LLC are not wholly owned, directly, indirectly or beneficially, by New and/or his family members.

b. NBA, New, and Rath hereby release and forever discharge ASC from any and all claims, demands, damages, actions, causes of action, suits, costs (including court costs), expenses, attorneys' fees, judgments, sums of money or claims of any kind or nature whatsoever, and particularly on account of all claims, known and unknown, both to person and property, whether or not arising out of, resulting from, or related to the Dispute.

3. <u>Indemnification</u>. ASC shall defend and indemnify the NBA Released Parties from any and all Indemnified Claims (as defined below), for all settlements or judgments. ASC's indemnification obligations under this paragraph shall not exceed the Settlement Amount. "Indemnified Claims" means claims related in any way to construction or maintenance work performed or agreed to be performed, or any agreements or contracts to perform such work, whether brought by third-party claim, cross-claim or otherwise, alleging that one or more NBA Released Parties are derivatively liable (by way of contribution or otherwise) for liabilities or claims alleged by the ASC Entities.

4. <u>No Admission of Liability</u>. It is expressly understood and agreed that this is a settlement and compromise of disputed claims. The Parties expressly understand and agree that nothing in this settlement agreement shall be construed as an admission by any of the Parties of liability, of wrongdoing, or of any allegation related to the Dispute.

5. <u>Confidentiality</u>. The Parties agree that neither they, their attorneys, nor their agents and principals shall in any way publicize or disclose to any other person or party the terms and conditions of this Agreement other than as is requested by representatives of a state or federal government, or as necessary for preparing federal and state income tax returns, and then only to the extent necessary for the preparation of such returns. If any court of competent jurisdiction is requested to enter an order that the terms and conditions of this Agreement be disclosed, the Parties agree to provide one another with prior notification so as to permit the other Party or its attorneys to appear and seek an appropriate protective order.

6. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of Indiana. The Parties agree that the Federal and/or State courts of the State of Indiana shall be the sole forum for the resolution of any disputes between them arising out of the subject matter of this Agreement and hereby submit themselves to the exclusive jurisdiction of the courts of the State of Indiana for the resolution of any such disputes.

7. <u>Attorneys' Fees and Costs</u>. The Parties acknowledge and agree that each Party shall bear all of its own attorneys' fees, costs, and expenses incurred in connection with the claims released herein and the matters referred to herein.

8. <u>Taxes</u>. ASC acknowledges and agrees that NBA, New, and Rath have made no representations to it regarding the tax consequences of any amounts received by ASC pursuant to this Agreement. The Parties agree that ASC shall be solely and entirely responsible for the payment of any and all federal, state, or local taxes, if any, which may be due upon the payment made pursuant to this Agreement.

9. **Understanding and Severability.** With the exception of the mutual release set forth in paragraph 2, if any provision, or any part of any provision of this Agreement shall for any reason be held to be invalid, unenforceable or contrary to public policy or any law, then the remainder of this Agreement shall not be affected thereby.

10. **Action to Enforce.** In any action brought to enforce any provisions of this Agreement, the prevailing Party shall be entitled to recover its reasonable costs of enforcement, including without limitation costs and reasonable attorneys' fees incurred therein, in addition to any other relief granted.

11. **Construction of Agreement.** The Parties agree that construction of the covenants contained herein shall be in favor of their reasonable nature, legality, and enforceability, and that any reading causing unenforceability shall yield to a construction permitting enforceability.

12. **Binding Effect/Non-Transferral.** This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, children, and grandchildren, and shall inure to the benefit of said Parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, children, and grandchildren. Each Party expressly warrants that it has not transferred to any person or entity any rights, causes of action, or claims released by this Agreement.

13. **No Waiver.** Any failure by any Party to enforce any of their rights and privileges under this Agreement shall not be deemed to constitute a waiver of any rights and privileges contained herein.

14. **Full Understanding.** By signing this Agreement, each Party certifies that it has carefully read and fully understands the provisions of this Agreement, has consulted with an attorney of its choosing before signing this Agreement, and agrees to the Agreement's terms knowingly, voluntarily and without intimidation, coercion or pressure.

15. **Authority.** The Parties represent and warrant that the individuals signing this Agreement have the full authority to so execute this Agreement. The Parties further represent and warrant that except as recited herein, no part of the claim which provides a basis for the events or occurrences referred to herein has been assigned to any other person or entity.

16. **Signature.** The Parties may execute the Agreement in multiple counterparts, with separate pages for each Party, each of which is deemed an original, but all of which, taken together, are deemed to constitute one and the same instrument. A telecopied or scanned signature shall have the same force and effect as an original signature.

17. **Entire Agreement.** The Parties agree that this Agreement constitutes the entire agreement between the Parties regarding the matters herein and supersedes any and all prior agreements or understandings, written or oral; that this Agreement may not be modified without express written consent of the Parties hereto; that no promise or inducement has been offered except as herein set forth; and that this Agreement is executed without reliance on any statement or representation by the Parties or their representatives or their attorneys other than the statements and representations contained in writing in this Agreement.

*[Signature page to follow.]*

**SO AGREED.**

**American Senior Communities, L.L.C.**

Signature: *[signature]*

Print: David Justice, Manager

Date: 10/5/2017

**NBA Builders LLC**

Signature: _____

Print: _____

Date: _____

**Rob New**

Signature: *[signature]*

Print: RoB New

Date: 10.10.17

**Peter Rath**

Signature: _____

Print: _____

Date: _____

4821-6404-0528, v. 1

**APPROVED AS TO FORM AND CONTENT**

**Riley Safer Holmes & Cancila LLP**
(Attorneys for ASC)

Signature: *[signature]*

Print: Valarie Hays

Date: 10/6/2017

**Jenner & Block LLP**
**Myron M. Cherry & Associates, LLC**
(Attorneys for NBA, New, and Rath)

Signature: *[signature]*

Print: Robert R Stauffer

Date: Oct. 10, 2017

**SO AGREED.**

American Senior Communities, L.L.C.

Signature: /s/ *[signature]*

Print: David Justice, Manager

Date: 10/5/2017

NBA Builders LLC

Signature: *[signature]*

Print: PETE RATH

Date: 10/11/17

**Rob New**

Signature: _____

Print: _____

Date: _____

**Peter Rath**

Signature: *[signature]*

Print: PETE RATH

Date: 10/11/17

4821-8404-0528, v. 1

**APPROVED AS TO FORM AND CONTENT**

Riley Safer Holmes & Cancila LLP
(Attorneys for ASC)

Signature: Valarie Hays *[signature]*

Print: Valarie Hays

Date: 10/5/2017

Jenner & Block LLP
Myron M. Cherry & Associates, LLC
(Attorneys for NBA, New, and Rath)

Signature: _____

Print: _____

Date: _____