# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, LLC, ) | |
| ) | Case No.: 1:17-cv-3273-TWP-DML |
| Plaintiff, ) | |
| v. ) | Honorable Tanya Walton Pratt |
| ) | |
| JAMES BURKHART, et al., ) | Honorable Debra McVicker Lynch |
| ) | |
| Defendants. ) | |

**PLAINTIFF AMERICAN SENIOR COMMUNITIES, LLC'S
OPPOSITION TO MOTION TO WITHDRAW APPEARANCE**

American Senior Communities, LLC ("ASC") respectfully opposes the Motion to Withdraw Appearance filed by Benjamin J. Widlanski, Daniel S. Maland, Peter A. Schroeder, and Bradley J. Wombles, as counsel for Defendants James Burkhart, ACCD LLC d/b/a Crusader Healthcare Services III, American Senior Care LLC, JACCD LLC d/b/a Crusader IV, 105214 Investments LLC d/b/a Crusader Healthcare Services, and 105210 Investments LLC d/b/a Crusader Healthcare Services II ("Burkhart Defendants").

1. At this critical juncture, allowing counsel to withdraw will only delay these proceedings and impose significant burdens on the Court, ASC, Barnes & Thornburg, and the other parties. Indeed, counsel seeks to withdraw after more than a month of delaying and failing to comply with the November 19, 2019, Order on Motion to Quash Amended Subpoena by the James Burkhart Defendants (Dkt. 237). ASC therefore requests that the Court deny the motion without prejudice; order counsel for the Burkhart Defendants to produce to ASC within five days all documents produced to the government in *Burkhart v. United States*, No. 1:18-cv-04013-TWP-DLP ("§ 2255 Proceeding"); and order Barnes & Thornburg to produce to ASC within ten days

any other documents that are responsive to the amended subpoena issued to Barnes & Thornburg ("Subpoena").

2. It is within the district court's discretion to grant or deny a motion to withdraw. *Moore v. Sunbeam Corp.*, 459 F.2d 811, 829 (7th Cir. 1972). Within that discretion, the court may consider "the interests not only of the counsel but also the client, the other parties, and the court." *Burns v. Gen. Motors Corp.*, No. 1:06-CV-0499-DFH-WTL, 2007 WL 4438622, at *1 (S.D. Ind. Nov. 30, 2007) (Hamilton, J.) (denying motion to withdraw); *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 793 (7th Cir. 2015) (Hamilton, J.) (citing *Burns* and finding counsel "and his client were obliged to protect the court and Child Craft from prejudice resulting from problems in his relationship with his client").

3. The district court may also consider Local Rule 83-5 and Indiana Rules of Professional Conduct, which govern the conduct of counsel. Neither the motion filed by counsel for the Burkhart Defendants nor the letter by Defendant Burkhart gives any reason for withdrawal under Indiana Rule of Professional Conduct 1.16. But even so, Indiana Rule of Professional Conduct 1.16(c) makes clear that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Ind. R. Prof. Conduct 1.16(c); S.D. Ind. L.R. 83-5(e) (adopting Ind. R. Prof. Conduct); *see also JMB Mfg., Inc.*, 799 F.3d at 793 (applying Ind. R. Prof. Conduct 1.16); *Burns*, 2007 WL 4438622, at *1 (same).

4. Here, at a crucial moment in this case, counsel for the Burkhart Defendants should fulfill their obligations under the November 19 Order and not be permitted to withdraw. After months of briefing, the Court denied *their* motion to quash the Subpoena on November 19, 2019,

and ordered *them* to take a lead role in reviewing documents for production. Dkt. 237, at 17-18.[1] Since then, counsel repeatedly failed to comply with the November 19 Order and only served to delay the production and proceedings. Email from Brian Watson, Jan. 3, 2020, attached as Ex. A; Email from Don Lundberg, Dec. 30, 2019, attached as Ex. B; Email from Kelly Warner, Dec. 11, 2019, attached as Ex. C; Email from Daniel Maland, Nov. 25, 2019, attached as Ex. D.

5. On December 9, counsel for the Burkhart Defendants represented they would produce copies of all documents produced to the government in the § 2255 Proceeding. Email from Kelly Warner, Dec. 11, 2019, attached as Ex. C. Counsel agreed any burden to produce these documents was minimal, and there was no question that waiver applied to documents already produced to the government. Yet, rather than produce the documents as agreed and comply with their obligations, counsel seeks now to withdraw, further delay these proceedings, and impose even greater burdens on the Court and the other parties.

6. On December 26 and 29 (after declining to confer with counsel for ASC and Barnes & Thornburg), counsel for the Burkhart Defendants then received from Barnes & Thornburg all documents that Barnes & Thornburg believes were responsive to the subpoena. Again, contrary to their representations and the November 19 Order, counsel have not reviewed or produced the documents, or offered any timeline to do so. Email from Don Lundberg, Dec. 30, 2019, attached as Ex. B; Email from Kelly Warner, Dec. 11, 2019, attached as Ex. C.

7. On January 3, counsel for the Burkhart Defendants then objected to Barnes & Thornburg producing to ASC copies of all documents produced to the government in the § 2255

---

[1] The Court also dismissed the groundless counterclaims filed by counsel for the Burkhart Defendants and denied their motion for a stay while Burkhart pursues his § 2255 Proceeding. Dkt. 111, 225. Notably, Burkhart's attorneys have not moved to withdraw in his civil § 2255 Proceeding. *See Burkhart v. United States of America*, No. 1:18-cv-04013-TWP-DLP (S.D. Ind. last updated Nov. 25, 2019).

Proceeding, and any other documents within the scope of the subpoena for which privileges were waived because of production to the government under the November 19 Order. Email from Brian Watson, Jan. 3, 2020, attached as Ex. A. Given the Subpoena issued to Barnes & Thornburg (Dkt. 237, at 5-6), Barnes & Thornburg should be required to produce to ASC within ten days these documents and any other documents that are responsive to the Subpoena.

8. Significantly, the Burkhart Defendants have failed to produce *any* document in this case to ASC, contending that all documents responsive to the requests for production are in the possession of Barnes & Thornburg. *See* Burkhart Resp. Req. Prod. 1-29, attached as Ex. E. Allowing counsel to withdraw will only prejudice ASC and the other parties after expending significant resources to overcome the Burkhart Defendants' delays and to obtain the Court's order that highly relevant documents must be produced.

9. As Judge Hamilton held in *Burns* and *JMB*, counsel who agree to represent a client in a court proceeding assume a responsibility to the court and the parties as well as to their client, and they are obliged to protect the court and the parties from prejudice resulting from problems in their relationship with their client. Counsel for the Burkhart Defendants should fulfill their responsibilities to the Court and the other parties in this case—particularly because withdrawing at this moment would effect substantial prejudice. *Burns*, 2007 WL 4438622, at *1; *JMB Mfg., Inc.*, 799 F.3d at 793.[2]

**WHEREFORE**, Plaintiff American Senior Communities, LLC requests that the Court deny the motion to withdraw without prejudice; order counsel for the Burkhart Defendants to produce to ASC within five days all documents provided to the government in the § 2255

---

[2] Without counsel, the corporate Burkhart Defendants also will be defaulted and barred from further participation in this case. *See United States v. Hagerman*, 549 F.3d 536, 537-38 (7th Cir. 2008); Dkt. Nos. 123, 133, 184 (entering default against the Corporate Ganote Defendants).

proceeding and make timely supplemental productions going forward; and order Barnes & Thornburg to produce to ASC within ten days any other documents which are responsive to the Barnes & Thornburg amended subpoena.

Dated: January 3, 2020

Respectfully submitted,

/s/ *Brian O. Watson*
Ronald S. Safer (*pro hac vice*)
Matthew C. Crowl (*pro hac vice*)
Valarie Hays
Kelly M. Warner (*pro hac vice*)
Brian O. Watson
Eli J. Litoff (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison, Suite 2900
Chicago, Illinois 60602
312-471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
vhays@rshc-law.com
kwarner@rshc-law.com
bwatson@rshc-law.com
elitoff@rshc-law.com

*Attorneys for American Senior Communities, L.L.C.*

## CERTIFICATE OF SERVICE

I certify that on January 3, 2020, these paper were filed using the Court's electronic filing system, which will send notice of this filing to all counsel of record, and was sent via U.S. Mail, postage prepaid, to the following addresses:

Daniel Benson
Inmate No. 15431-028
FPC Montgomery
Maxwell Air Force Base
Montgomery, AL 36112

/s/ *Brian O. Watson*

4852-7750-7504, v. 2