UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, LLC, ) | |
| ) | Case No.: 1:17-cv-3273-TWP-DML |
| Plaintiff, ) | |
| v.  ) | Honorable Tanya Walton Pratt |
| ) | |
| JAMES BURKHART, et al., ) | Honorable Debra McVicker Lynch |
| ) | |
| Defendants. ) | |

## PLAINTIFF AMERICAN SENIOR COMMUNITIES, LLC'S MOTION FOR A DISCOVERY CONFERENCE

American Senior Communities, LLC ("ASC") requests a discovery conference for the Burkhart Defendants[1] and Barnes & Thornburg to comply with the November 19, 2019 Order on Motion to Quash Amended Subpoena by the James Burkhart Defendants (Dkt. 237). Specifically, ASC requests this conference for the Burkhart Defendants to produce as agreed to ASC all documents produced to the government in *Burkhart v. United States*, No. 1:18-cv-04013-TWP-DLP ("§ 2255 Proceeding"); Barnes & Thornburg to produce to ASC any other documents responsive to the Barnes & Thornburg amended subpoena; and Mr. Burkhart to supplement his discovery responses with all responsive materials and to state whether any responsive materials are being withheld under FRCP 34.

---

[1] Burkhart Defendants include James Burkhart, ACCD LLC d/b/a Crusader Healthcare Services III, American Senior Care LLC, JACCD LLC d/b/a Crusader IV, 105214 Investments LLC d/b/a Crusader Healthcare Services, and 105210 Investments LLC d/b/a Crusader Services II.

ASC acknowledges that counsel for the Burkhart Defendants have moved to withdraw. *But see* Ind. R. Prof. Conduct 1.16(c) ("When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."); *Burns v. Gen. Motors Corp.*, No. 1:06-CV-0499-DFH-WTL, 2007 WL 4438622, at *1 (S.D. Ind. Nov. 30, 2007) ("The court has a responsibility to mitigate the effects on other parties and the court of any breakdown in what might otherwise be a private relationship between plaintiff and his attorney."); *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 793 (7th Cir. 2015) (Hamilton, J.) (citing *Burns* and finding counsel "and his client were obliged to protect the court and Child Craft from prejudice resulting from problems in his relationship with his client").

1. On November 19, 2019, the Court denied the Burkhart Defendants' motion to quash the amended subpoena issued to Barnes & Thornburg and ordered ASC's counsel, Mr. Burkhart's counsel, and Barnes & Thornburg's counsel to confer and attempt to agree on a protocol and timing for the review and production of documents responsive to the amended subpoena. Dkt. 237 at 17-18. The Court also ordered that Mr. Burkhart's counsel should take a lead role in reviewing documents for their production. *Id.*

2. After conferring under the order with ASC and Barnes & Thornburg, the Burkhart Defendants and their counsel have failed as agreed to produce to ASC copies of all documents produced to the government in the § 2255 Proceeding; objected to any production by Barnes & Thornburg to ASC of documents responsive to the amended subpoena; failed to review or produce to ASC documents responsive to the amended subpoena; and refused to perform any further work in this case and moved to withdraw as counsel.[2] Email from Brian Watson, Jan. 7, 2020, attached as Ex. A; Email from Brian Watson, Jan. 3, 2020, attached as Ex. B; Email from Don Lundberg, Dec. 30, 2019, attached as Ex. C; Email from Kelly Warner, Dec. 11, 2019, attached as Ex. D; Email from Daniel Maland, Nov. 25, 2019, attached as Ex. E.

3. ASC will be prejudiced by further delays and noncompliance in discovery. Indeed, the Burkhart Defendants have not produced *any* document in this case to ASC—contending that all documents responsive to the requests for production are possessed by Barnes & Thornburg and barred by the protective order and attorney-client and work-product privileges. *See* Burkhart Resp. Req. Prod. 1-29, attached as Ex. F. Nor will the Burkhart Defendants agree to supplement their discovery with all responsive materials, state whether any responsive materials are being withheld,

---

[2] Notably, Mr. Burkhart's counsel have not moved to withdraw in his civil § 2255 Proceeding, including Norris Choplin & Schroeder LLP, who are counsel of record in this case. *See Burkhart v. United States of America*, No. 1:18-cv-04013-TWP-DLP (S.D. Ind. last updated Jan. 8, 2020).

or allow any production by Barnes & Thornburg. Email from Brian Watson, Jan. 7, 2020, attached as Ex. A. That position is inconsistent with both the Federal Rules of Civil Procedure and the Order on Motion to Quash Amended Subpoena by the James Burkhart Defendants, Dkt. 237 at 14-17, and has prevented the parties from obtaining critical discovery and the best evidence for the jury.

4. On December 9, 2019, counsel for ASC, Burkhart Defendants, and Barnes & Thornburg conferred and attempted to agree on a protocol and timing for the review and production of documents responsive to the amended subpoena. Email from Kelly Warner, Dec. 11, 2019, attached as Ex. D. The Burkhart Defendants' counsel represented they would produce to ASC copies of all documents produced to the government in the § 2255 Proceeding. *Id.* They agreed any burden to produce these documents was minimal, and there was no question that waiver applied to documents already produced to the government. Moreover, the same counsel — Norris Choplin & Schroeder LLP — have appeared in both the § 2255 Proceeding and this case, and have not moved to withdraw in the § 2255 Proceeding. Yet, rather than comply with their December 9 agreement and discovery obligations, counsel have not produced the documents.

5. On December 26 and 29, 2019 (after declining to confer with counsel for ASC and Barnes & Thornburg), counsel for the Burkhart Defendants also received from Barnes & Thornburg all documents that Barnes & Thornburg believes are responsive to the amended subpoena. Again, contrary to their representations and the Order on Motion to Quash Amended Subpoena by the James Burkhart Defendants, counsel have not reviewed or produced the documents, or offered any timeline to do so. Email from Don Lundberg, Dec. 30, 2019, attached as Ex. C; Email from Kelly Warner, Dec. 11, 2019, attached as Ex. D.

6. On January 3, 2019, counsel for the Burkhart Defendants then objected to Barnes & Thornburg producing to ASC copies of all documents produced to the government in the § 2255

Proceeding, and any other documents within the scope of the amended subpoena for which privileges were waived because of production to the government under the Order on Motion to Quash Amended Subpoena by the James Burkhart Defendants. Given the Burkhart Defendants and their counsel's objection, Barnes & Thornburg cannot discharge its obligation to produce these documents and any other documents that are responsive to the amended subpoena and comply with the Order on Motion to Quash Amended Subpoena. Email from Brian Watson, Jan. 3, 2020, attached as Ex. B.

7. On January 7, 2020, Mr. Burkhart and his counsel also declined to supplement his discovery responses with all responsive materials and state whether any responsive materials are being withheld under FRCP 34—even after their position and objections based on the protective order and the attorney-client and work product privileges were rejected in the Order on Motion to Quash Amended Subpoena by the James Burkhart Defendants (Dkt. 237 at 14-17). Although counsel have *not* been terminated in all matters related to the Burkhart Defendants (Dkt. 243-1) and have *not* moved to withdraw in his civil § 2255 Proceeding, their position is the Burkhart Defendants have discharged them from representing them in this lawsuit and they cannot perform any further work in this lawsuit. Email from Brian Watson, Jan. 7, 2020, attached as Ex. A.

8. As outlined above and in the filings on the motion to withdraw (Dkt. 243-246), counsel have attempted to confer in good faith and have exhausted those efforts to resolve their discovery disputes. Importantly, ASC's deadline to disclose its expert reports is February 16, 2020, which was extended based on a timely Barnes & Thornburg production (Dkt. 239).

**WHEREFORE,** Plaintiff American Senior Communities, LLC requests a discovery conference for the Burkhart Defendants and Barnes & Thornburg to comply with the November 19, 2019 Order on Motion to Quash Amended Subpoena by the James Burkhart Defendants (Dkt.

237); the Burkhart Defendants to produce as agreed to ASC all documents produced to the government in *Burkhart v. United States*, No. 1:18-cv-04013-TWP-DLP; Barnes & Thornburg to produce to ASC any other documents responsive to the Barnes & Thornburg amended subpoena; and Mr. Burkhart to supplement his discovery responses with all responsive materials and to state whether any responsive materials are being withheld under FRCP 34.

Dated: January 10, 2020

Respectfully submitted,

/s/ *Brian O. Watson*
Ronald S. Safer (*pro hac vice*)
Matthew C. Crowl (*pro hac vice*)
Valarie Hays
Kelly M. Warner (*pro hac vice*)
Brian O. Watson
Eli J. Litoff (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison, Suite 2900
Chicago, IL 60602
312-471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
vhays@rshc-law.com
kwarner@rshc-law.com
bwatson@rshc-law.com
elitoff@rshc-law.com
*Attorneys for American Senior Communities, L.L.C.*

**CERTIFICATE OF SERVICE**

I certify that on January 10, 2020, these papers were filed using the Court's electronic filing system, which will send notice of this filing to all counsel of record, and were sent via U.S. Mail, postage prepaid, to the following addresses:

    Daniel Benson
    Inmate No. 15431-028
    FPC Montgomery
    Maxwell Air Force Base
    Montgomery, AL 36112

                                                  /s/ *Brian O. Watson*

4852-7750-7504, v. 2