**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C., ) | |
| ) | Case No.: 1:17-cv-3273-TWP-DML |
| Plaintiff, ) | |
| v. ) | Honorable Tanya Walton Pratt |
| ) | |
| JAMES BURKHART, et al., ) | Honorable Debra McVicker Lynch |
| ) | |
| Defendants. ) | |

**PLAINTIFF AMERICAN SENIOR COMMUNITIES, LLC'S RESPONSE IN OPPOSITION TO NON-PARTY ROB NEW'S PETITION FOR ATTORNEYS' FEES**

American Senior Communities, LLC ("ASC") submits this Response in Opposition to Non-party Rob New's Petition for Attorneys' Fees, which seeks an award of fees for briefing a motion to quash and for protective order in the requested amount of $87,718.54. (Dkt. 266).

## INTRODUCTION

ASC issued a subpoena to Petitioner Rob New, a key fact witness in this case, because of his numerous and significant business and other financial relationships with Defendants. Earlier this year, the Court upheld ASC's right to obtain discovery from Petitioner and ordered production of various documents. (Dkt. 247). The Court also granted Petitioner an award of *reasonable* attorneys' fees incurred in the *briefing* of his motion to quash and for protective order. (*Id*. at 21).

Petitioner's request for nearly $90,000 in attorneys' fees is inconsistent with the Court's Order and the record, reflects rates triple that of accomplished attorneys in the local market, and seeks payment for tasks far outside of the scope of the Court's Order. As such, Petitioner's request should be denied and the Court should enter an order reflecting a reasonable fee award.

## BACKGROUND

On January 8, 2020, this Court issued an Order granting in part and denying in part First

Federal Savings Bank and Thomas Mills' (collectively the "Bank") and Petitioner's motions to quash subpoena and for protective order. (Dkt. 247). The Court rejected Petitioner's argument that he should be exempt from all discovery as a result of the settlement he entered into with ASC. (*Id*. at 6). Having determined that Petitioner was obligated to participate in discovery, the Court modified ASC's subpoena to Petitioner, limiting the substantive scope of ASC's subpoena, but adopting many of ASC's recommendations, including its proposed time period for responsiveness (through the date of the subpoena (March 5, 2019)), absence of propriety or confidentiality designations (agreeing that Petitioner's desired "attorney's eyes only" designations were inappropriate), and selection of search terms relevant to the pertinent transactions. (*Id*. at 19-20).

In accordance with Federal Rule of Civil Procedure 26(c)(3), the Court awarded Petitioner and the Bank their reasonable attorneys' fees incurred in briefing their respective motions and ordered that the parties negotiate in good faith the reasonable attorneys' fees. (*Id*. at 21). ASC negotiated in good faith with the parties. In fact, ASC and counsel for the Bank with Carson LLP reached agreement for reasonable attorneys' fees of $1,500.00, and those fees are not at issue here. As for Petitioner, however, his opening demand was $87,718.54 in fees incurred by his counsel with Chicago law firm Jenner & Block LLP ("Chicago Counsel") and Delk McNally LLP ("Indianapolis Counsel"). (*See* Dkt. 266-1 at 2-3, Stauffer Jan. 22, 2020 Letter). ASC then counteroffered based on a detailed, entry-by-entry review of Petitioner's demand and the controlling law in the amount of $11,530.00. (Watson Feb. 5, 2020 Letter, attached as Ex. 1). Petitioner declined that good-faith offer and countered at the arbitrary amount of $70,000.00, to which ASC then made another good-faith offer of $15,000.00 (Delk Feb. 27, 2020 Email, attached as Ex. 2). Though ASC remained available to negotiate with Petitioner, he instead declared an

impasse, termed all the offers to be unreasonable, and filed this Petition. (*Id.*)[1]

## LEGAL STANDARD

Determining the amount of fees to award rests within the sound discretion of the trial court. *Castro v. Lloyd & Mcdaniel, PLC*, No. 115CV00559TWPDML, 2016 WL 5110046, at *3 (S.D. Ind. Sept. 19, 2016) (J. Pratt) (internal citation omitted). Courts consider a two-step process when determining attorneys' fees: first, the fee applicant must be a prevailing party, and second, the amount of reasonable fees must be calculated based on a reasonable hourly rate multiplied by the number of hours reasonably expended on the litigation. *Miller v. City of Richmond*, No. 117CV00901TWPDML, 2018 WL 4385026, at *2 (S.D. Ind. Sept. 14, 2018) (J. Pratt) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010)). Even after arriving at a calculation using the "lodestar" method described above in step two, the court "has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau*, 592 F.3d at 748 (internal quotation omitted). In proving the reasonableness of attorneys' fees, the burden rests with the fee petitioner. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999).

## ARGUMENT

I. **Petitioner Improperly Seeks Fees for Unsuccessful Arguments.**

According to Petitioner, it is "undisputed" that he is entitled to fees as a prevailing party. (Dkt. 266 at 4). In support, Petitioner relies solely on the fact that the Court awarded him fees. He overlooks the detailed holdings contained in the Court's Order and the supporting record;

---

[1] ASC also negotiated and agreed in good faith to search terms and multiple extensions with Petitioner's Indianapolis Counsel, but it has not received the production by Petitioner. (*See* Dkt. 260, 264).

Petitioner only *partially* prevailed on his motion to quash. Petitioner's demand fails to discount the fees incurred for his unsuccessful claim that he was shielded from discovery pursuant to his Settlement Agreement with ASC.

In *Hensley v. Eckerhart*, the Supreme Court set guidelines for determining the proper amount of attorneys' fees in cases in which the fee petitioner only partially prevails on his or her claims. 461 U.S. 424 (1983). The Court held that when the petitioner presents distinctly different claims for relief that are based on different facts and legal theories, work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved, and therefore, "no fee may be awarded for services on the unsuccessful claim." *Hensley*, 461 U.S. at 435. *See also Spegon,* 175 F.3d at 559 (reducing fee petition of $7,280.70 to an award of $752.70 in part because petitioner succeeded in obtaining only a partial recovery)*; Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1132-33 (7th Cir. 1987) (affirming district court reducing a petition for $228,093.75 to an award of $46,312.50 after substantially reducing the number of hours for which the plaintiff requested compensation in light of the plaintiff's limited overall success). Petitioner argued in his motion to quash that the subpoena was barred by the terms of his Settlement Agreement with ASC. (Dkt. 166 at 1, Dkt. 167 at 11-12). The Court rejected this argument. (Dkt. 247 at 6-8). Though the Court afforded Petitioner relief on his supplemental argument that the subpoena was overbroad and imposed an undue burden, any billing related to Petitioner's unsuccessful argument should have been excluded from the demand. *Hensley*, 461 U.S. at 435. There is no evidence that Petitioner's calculation accounts for his failed claim or discounts the time entries that clearly relate to it. (*See* Dkt. 266-1 at 12-18 ("drafted protective order proposal," "researched applicability of release to subpoena," "[r]esearched applicability of Ninth Circuit ruling re effect of settlement on later discovery to proceedings.")).

4

Notably, many entries lack sufficient detail to delineate between the time spent drafting the different argument sections of the briefing. (*Id*. ("drafted motion to quash," "worked on motion to quash," "[e]dited brief re motion to quash")).

Moreover, Petitioner did not obtain a complete victory on his arguments regarding the scope of the subpoena; the Court also adopted many of ASC's recommended parameters including the proposed time period (Dkt. 247 at 18), confidentiality designations (*id*. at 19), and proposed search terms (*id*. at 20). The partial and qualified success of Petitioner's motion to quash weighs in favor of significantly reducing the overall demand. *Hensley*, 461 U.S. at 433.

## II.     Petitioner Requests Hourly Rates Far in Excess of a Reasonable Rate.

The accepted lodestar standard for determining reasonable attorneys' fees is derived from multiplying the attorneys' reasonable hourly rate by the number of hours reasonably expended on the litigation. *Miller*, No. 117CV00901TWPDML, 2018 WL 4385026, at *2. In the Seventh Circuit, "a reasonable hourly rate is based on the local market rate." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014).[2] Moreover, counsel's own affidavit is insufficient to establish a reasonable market rate. *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000) ("an attorney's self-serving affidavit alone cannot establish the market rate for that attorney's services"); *Castro*, No. 115CV00559TWPDML, 2016 WL 5110046, at *2 (similar) (citing *Spegon*, 175 F.3d at 556). "Instead, a petitioner can meet his or her burden if the petitioner presents third party affidavits from similar attorneys who charge similar rates for comparable work," or in the alternative, "the petitioner can provide evidence of clients paying him or her a similar rate for

---

[2] Notably, *Montanez* found hourly rates of $385 for experienced lawyers and $175 for associates appropriate in the Chicago market. 755 F.3d at 554-55.

5

similar work **in the relevant market**." *Castro,* No. 115CV00559TWPDML, 2016 WL 5110046, at *2 (emphasis added).

Petitioner's Chicago Counsel's rates are far in excess of the local market. The only support provided by Chicago Counsel for the reasonableness of the rates sought is Mr. Stauffer's own declaration. The rates sought for Chicago Counsel are:

- $1,250 per hour for partner Anton Valukas,
- $975 per hour for partner Robert Stauffer, and
- $795 for senior associate Caroline Meneau.

In contrast, Jason Delk, Petitioner's Indianapolis Counsel, a partner with over a decade of experience, billed Petitioner $305 per hour. (Dkt. 266-3 at ¶ 7). The Bank's counsel – a partner with over three decades of experience – billed at an hourly rate of $325 per hour, while his associate billed at an hourly rate of $225 per hour.

While Mr. Stauffer's declaration contends Chicago Counsel's rates are "competitive hourly rates charged by other firms of comparable size and capabilities" (Dkt. 266-2 at ¶ 7), he fails to relate these rates to rates for similar work in the relevant market. Indeed, Mr. Delk's declaration and the invoice submitted by the Bank's counsel demonstrate that the Chicago Counsel's fees are far from competitive or reasonable for Indianapolis. "[I]f local counsel could have provided comparably effective legal services and the rate of the out-of-town practitioner was higher than the local market rate," the court can adjust the out-of-town attorneys' rates downward. *Cerajeski v. Zoeller*, No. 111CV01705JMSDKL, 2016 WL 771977, at *6 (S.D. Ind. Feb. 29, 2016) (citing *Jeffboat, LLC. v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487 (7th Cir. 2009)).

Petitioner's authority also falls flat. In *Samuel v. Approved Credit Solutions, LLC*, the court *reduced* the plaintiff's requested attorney rates of $300 and $200 per hour after concluding the attorneys at issue did not have rates validated by the market and noting that the plaintiff failed to make any showing that another similarly situated client had ever paid the same rates. No. 115CV00037DMLJMS, 2016 WL 7626219, at *1 (S.D. Ind. Feb. 24, 2016). *PepsiCo v. Central Investment Corp.*, 216 F.R.D. 418, 419 (S.D. Ohio 2002) does not help either; the court's award of attorneys' fees was a monetary sanction, based on the plaintiff's intentional discovery abuses, that was meant to punish the bad actor. *Id*. at 421 ("A litigant who decides to engage in bad faith conduct must accept the fact that his opponent may go to great lengths to remedy the wrong … The guilty party should not then be heard to complain that the other party's expenses should be reduced").

Petitioner has not carried his burden of establishing a reasonable market rate. Accordingly, the Court should determine the reasonable market rate for the motion practice related to a third-party subpoena. ASC suggests rates of $325 for partners and $225 for associates are reasonable.

**III.     The Tasks for Which Reimbursement Is Sought Are Unreasonable.**

The remaining factor used to calculate the lodestar standard for reasonable attorneys' fees is the number of hours reasonably expended on the litigation. A fee applicant is expected to exercise "billing judgment" in deciding which hours are "properly billed to one's adversary." *Hensley,* 461 U.S. at 434. In assessing the reasonableness of hours expended, courts should exclude hours that are excessive, redundant, or otherwise unnecessary. *Hensley,* 461 U.S. at 434; *Samuel*, No. 115CV00037DMLJMS, 2016 WL 7626219, at *2. Billing judgment also turns on efficiency, and "[t]asks that can be performed adequately by a person with a lower hourly rate

should be performed by that person rather than by one with a higher rate. Moreover, duplicate work should be avoided." *Samuel*, No. 115CV00037DMLJMS, 2016 WL 7626219, at *4. *See also Montanez*, 755 F.3d at 551 (affirming district court judge who discounted entries where more than one partner oversaw the same activities).

As the attached Exhibit 3 demonstrates, Petitioner's demand goes well beyond "reasonable attorneys' fees incurred in *briefing* the respective motions to quash and for protective order." (Dkt. 267 at 21; *see also id.* "time and expense spent on briefing"). The demand includes redundant and otherwise unnecessary tasks such as numerous in-office conferences. (*See, e.g.,* "met with A. Valukas and R. New re strategy; followed up re same," "conferred with M. Cherry re response to E. Litoff," "spoke to local counsel re subpoena strategy," "conferred with C. Meneau re tasks and strategy," "conferred with J. Delk re strategy," "conferred with M. Cherry re strategy," "worked on subpoena response strategy," "call with Bob Stauffer; review of emails; analysis and strategy on the same"). (Ex. 3, Dkt. 266-1 at 12-18). In addition, both Chicago and Indianapolis Counsel seek significant time for non-conference tasks other than briefing that do not even relate to the motion to quash (*See, e.g.,* "analyzed subpoena response strategy issues," "researched permissible scope of asset discovery when punitive damages are sought," "worked on talking points for court teleconference," "review and analysis of motion to intervene and response to motion to compel filed by Werner; review of case law on the same."). (Ex. 3; Dkt. 266-1 at 12-18).

The majority of the time Petitioner seeks is spent on tasks *other than* briefing the motion to quash. Of the 99 hours sought by Petitioner for Chicago Counsel, only 45 are devoted to briefing. Of the 31 hours sought by Indianapolis Counsel, only 13 relate to briefing. (*See* Ex. 3). Applying the reasonable market rates of $305 per hour for partners and $225 per hour for associates, ASC suggests $15,403.50 is a reasonable fee award for the Court to enter, based on

8

reasonable fees of $11,225 incurred by Chicago Counsel and $4,178.50 incurred by Indianapolis Counsel. This Court should reduce Petitioner's demand accordingly and employ the billing judgment his attorneys declined to exercise.

## CONCLUSION

For these reasons, ASC requests that the Court deny Petitioner's request for $87,718.54 and instead award Petitioner his reasonable attorneys' fees, which ASC estimates to be $15,403.50.

Dated: March 13, 2020

Respectfully submitted,

/s/ *Brian O. Watson*
Ronald S. Safer (*pro hac vice*)
Matthew C. Crowl (*pro hac vice*)
Valarie Hays
Kelly M. Warner (*pro hac vice*)
Eli J. Litoff (*pro hac vice*)
Brian O. Watson
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison, Suite 2900
Chicago, Illinois 60602
312-471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
vhays@rshc-law.com
kwarner@rshc-law.com
elitoff@rshc-law.com
bwatson@rshc-law.com
*Attorneys for American Senior Communities, L.L.C.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2020, I caused the foregoing document to be filed using the Court's electronic filing system, which will send notice of this filing to all counsel of record. Additionally, I will cause notice of this filing to be sent via U.S. Mail, postage prepaid, to Daniel Benson and James Burkhart.

> Daniel Benson
> Inmate No. 15431-028
> FPC Montgomery
> Maxwell Air Force Base
> Montgomery, AL 36112

> James Burkhart
> Inmate No. 15426-028
> FPC Montgomery
> Maxwell Air Force Base
> Montgomery, AL 36112

/s/ *Brian O. Watson*