**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

AMERICAN SENIOR COMMUNITIES,　)
L.L.C.,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　)
　　　　　　　　　　　　　　　　)　　Civil Action No. 1:17-cv-3273-TWP-DML
　　　　　　　v.　　　　　　　　)
　　　　　　　　　　　　　　　　)
BURKHART et al.,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　)

**NONPARTY ROB NEW'S REPLY MEMORANDUM IN SUPPORT OF
<u>PETITION FOR ATTORNEYS' FEES</u>**

As this Court found, "the court has granted in large part the relief sought by the movants"

and held that Mr. New is entitled to his reasonable fees incurred in connection with his motion to

quash and for a protective order.  (Dkt. 247 at 21.)  During the parties' meet-and-confer

discussions about this fees award,[1] and now in briefing, ASC has unreasonably ignored the plain

language of the Court's Order, incorrectly asserting that Mr. New is not entitled to his full fees

because he made "unsuccessful arguments," and arguing for the application of a standard only

applicable in § 1983 cases.  (Dkt. 270 at 3.)  Further, ASC has repeatedly argued that Mr. New is

not entitled to the full cost of retaining Chicago-based counsel at a national law firm, even

though Mr. New's counsel were uniquely suited to represent Mr. New based on their ongoing

relationship with him (and even though ASC is also using Chicago-based counsel at a national

law firm).   (*Id.* At 5.)  At no point does ASC acknowledge the large expenditures of time and

---

[1] Mr. New disagrees with ASC's contentions that ASC made a "good-faith offer" and that
Mr. New unilaterally "declared an impasse."  (Dkt. 270 at 2-3.)  Mr. New's counsel reached out
to ASC twice after receiving ASC's counteroffer to request a more reasonable response, and Mr.
New also offered a compromise proposal.  Mr. New already discussed the history of the parties'
discussions in his opening brief.

resources that it made to pursue its subpoena against Mr. New.  But in light of ASC's resource-intensive effort to impose burdens on Mr. New in a last-ditch effort to find evidence relevant to defendant Jim Burkhart, Mr. New's response was proportionate and justified.  Mr. New should be awarded his actual fees of $87,718.54.[2]

## I.   Mr. New Is The Prevailing Party.

ASC attempts to re-litigate the Court's finding on January 8, 2020 that Mr. New was entitled to his fees because "the court has granted in large part the relief sought" in his motion to quash and for a protective order.  (Dkt. 247 at 21.)  The Court already determined that Mr. New was the prevailing party, and ASC has not identified any credible reason to revisit that determination.  Mr. New obtained the vast majority of the relief he sought in his motion for a protective order and motion to quash, including the Court's decision to limit discovery to essentially the compromise proposal proposed in Mr. New's Reply brief (Dkt. 247 at 18), a finding that "ASC's subpoenas to Mr. New and the Bank reflect an indifference to the imposition of burden and expense that is not consistent with its duties to nonparties under Rule 45, or even consistent with the basic discovery proportionality principle imposed by Rule 26;" (*id.* at 12); and a finding that "ASC also has undervalued Mr. New's privacy interests in his financial records, including bank records."  (*Id.* At 15.)  The issues where the Court permitted discovery beyond the limitations Mr. New had requested – in terms of date ranges and the level of

---

[2] Mr. New is surprised by ASC's representation to the Court that it has "negotiated and agreed in good faith to search terms and multiple extensions with Petitioner's Indianapolis Counsel, but it has not received the production by Petitioner."  Mr. New made a production of documents on February 21 2020 and is working on the final production in compliance with the schedule the parties agreed to and the Court entered.  (*See* Dkt. 256.)  In light of the COVID-19 pandemic, counsel for ASC and counsel for Mr. New have agreed to delay Mr. New's final production by at least twenty-one (21) days until it can be determined whether the logistical problems and closures associated with COVID-19 will permit the completion of the production.

confidentiality designations allowed – are marginal in the scheme of the discovery that was at issue. The Court previously stated that it had granted the relief requested by Mr. New "in large part." (Dkt. 247 at 21.)

Moreover, ASC has not identified any legitimate basis for reducing Mr. New's fees on the theory that he was only "partially" successful. ASC relies on 30-year-old authority in an inapposite context to argue for reducing Mr. New's fees award. (*See* Dkt. 270 at 4-5.) The two cases cited by ASC in its "partial success" argument are civil rights cases involving the standard for awarding fees under 42 U.S.C. § 1988. (*See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Spanish Action Comm. Of Chicago v. City of Chicago*, 811 F.2d 1129, 1132-33 (7th Cir. 1987).) The civil rights context is completely different than the discovery dispute context at issue here. "This is not an application for fees by a civil rights litigant in which the Court must gauge the plaintiff's degree of success versus the relief sought." *PepsiCo v. Cent. Inv. Corp.*, 216 F.R.D. 418, 421 (S.D. Ohio 2002). Rather, this is an award under Rules 26(c)(3) and 37(a)(5) of the Federal Rules of Civil Procedure. (Dkt. 247 at 21.) ASC has identified no basis for reducing a fees award under Rules 26(c)(3) and 37(a)(5) of the Federal Rules of Civil Procedure based on purportedly "partial" success. To the contrary, Mr. New is entitled to recover his "reasonable expenses incurred in making the motion;" Fed. R. Civ. P. 37(a)(5), and there is no provision for reducing those fees based on what ASC argues is his "partial success."

## II. Mr. New Should Recover The Fees He Actually Paid.

Next, ASC takes the position that the Court should use the "lodestar standard" for calculating fees, and that under that test, (1) Mr. New's attorney's hourly rates should be reduced and (2) Mr. New should not recover for all of the hours of work that he paid for. (Dkt. 270 at

5.)[3]  But even if the Court applies the lodestar test, the Seventh Circuit is clear that the "best evidence of an attorney's market rate is his or her actual billing rate for similar work." *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012).  The Court should only turn to the "next best evidence" of what "similarly experienced attorneys in the community charge" if the evidence of actual billing rate is unavailable.  *Id.*  As Mr. New explained in his petition, he has been represented by his Chicago counsel for a substantial period of time and they were already familiar with his business and legal needs, so it was logical and efficient for him to retain them. As Mr. New explained in his fees petition, he should be awarded his actual attorney's fees, at the actual billing rate his attorneys actually charged, and which they routinely charge other clients. [4] And, of course, it is not credible for ASC to argue that Mr. New should not have used a Chicago-based law firm when ASC is also represented by counsel at a Chicago-based law firm.

Finally, ASC contends that Mr. New should be strictly limited to expenses for time spent *briefing* his motion to quash and for a protective order, and should not recover for related expenses.  However, Mr. New necessarily incurred fees that were not for fingers-to-keyboard

---

[3] Again, ASC relies heavily on inapposite cases in the civil rights context, *Miller v. City of Richmond*, No. 117CV00901TWPDML, 2018 WL 4385026, at *1 (S.D. Ind. Sept. 14, 2018); *Montanez v. Simon*, 755 F.3d 547 (7th Cir. 2014); *Harper v. City of Chicago Heights*, 223 F.3d 593 (7th Cir. 2000), as well as one case involving the standard for awarding fees under the FDCPA. *Castro v. Lloyd & Mcdaniel, PLC*, No. 115CV00559TWPDML, 2016 WL 5110046, at *1 (S.D. Ind. Sept. 19, 2016).  ASC does not cite a single case involving the standard for determining the reasonableness of attorney's fees under Rules 26(c)(3) and 37(a)(5) of the Federal Rules of Civil Procedure.

[4] ASC states that it settled First Federal's fee demand for $1,500.  Putting aside the propriety of ASC introducing evidence about compromise discussions with First Federal, any suggestion that Mr. New's fees should be comparable to First Federal's is groundless.  Mr. New did not expect his bank to bear substantial costs in opposing a subpoena designed to collect information about Mr. New, and instead arranged to absorb most of the costs of the subpoena response himself.  Mr. New's counsel provided substantial support to First Federal in connection with its motion to quash, and First Federal's arguments before the Court were largely follow-ons to Mr. New's arguments, since the subpoenas concerned Mr. New's records.

briefing time, such as consultations with his lawyers about the subpoena response; negotiations with counsel for ASC including Eli Litoff (which were unnecessarily prolonged by ASC's unreasonable negotiating positions); research; preparation for the telephonic hearing before this Court, and similar matters.   Those costs were caused by ASC's unreasonable subpoena and negotiating positions, as shown by the below timeline:

- **March 5, 2019**: ASC issues subpoena.  Mr. New and ASC begin negotiating.  Mr. New incurs costs relating to negotiations, review of subpoena, review of available document sources, and research.  (None of those fees are being claimed.)

- **April 5, 2019**: Mr. New made a production proposal that was essentially identical to the proposal he later included in his Reply In Support of Motion to Quash, and substantially similar in scope and form to the Court's eventual order.

- **April 8, 2019**:  ASC rejected Mr. New's proposal.  Mr. New's fees claims begin with work done after ASC's rejection of his proposal.

Mr. New's requested fees for time incurred beginning on April 8, 2019 fall within the scope of "reasonable expenses incurred in making the motion" provided for in Fed. R. Civ. P. 37(a)(5)(A).

## CONCLUSION

**WHEREFORE**, Mr. New respectfully requests that this Court award him $87,718.54 to compensate him for fees incurred in connection with his motion to quash and for protective order.

Dated:  March 20, 2020

**DELK MCNALLY LLP**


By:  */s/ Jason Delk*
       Jason Delk
       DELK MCNALLY LLP
       211 South Walnut St.
       Muncie, IN 47305
       delk@delkmcnally.com

       Anton R. Valukas (pro hac vice)
       Robert R. Stauffer (pro hac vice)
       Caroline L. Meneau (pro hac vice)
       JENNER & BLOCK LLP
       353 N. Clark St.
       Chicago, IL 60654
       avalukas@jenner.com
       rstauffer@jenner.com
       cmeneau@jenner.com


## CERTIFICATE OF SERVICE

I, Jason Delk, an attorney, certify that on March 20, 2020, I filed the foregoing using the Court's CM/ECF system, which will cause a copy to be served on all counsel of record.

By:  /s/ Jason Delk