IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C., )<br>)<br>      Plaintiff, )<br>)<br>   v. )<br>)<br>BURKHART et al., )<br>)<br>      Defendants. ) | Civil Action No. 1:17-cv-3273-TWP-DML |

**NONPARTY ROB NEW'S MOTION FOR DISCOVERY CONFERENCE/REQUEST FOR EXTENSION OF TIME TO COMPLETE DOCUMENT PRODUCTION**

Non-Party, Rob New, respectfully moves the Court for an Order setting a brief telephonic discovery conference with Plaintiff's counsel to discuss Non-Party Rob New's completion of his document production in response to Plaintiff's Subpoena and Non-Party Request for Production of Documents.  Pursuant to the Court's February 10, 2020 Order (Dkt. 256), Mr. New's document production for the materials set forth in paragraphs 3 and 4 of the Court's prior Order (Dkt. 247) was to be completed on or before March 23, 2020.  However, as the Court is aware, in mid-March 2020, Indiana, as well as several states throughout the Country, including Florida where Mr. New resides, began to feel the harmful impact of the global pandemic caused by COVID-19, which caused (and is currently causing) a national emergency and placing major limitations on travel, as well as the ability to have in-person meetings.

As such, on March 17, 2020, the undersigned counsel for Mr. New contacted counsel for the Plaintiff to discuss an extension of time for Mr. New to complete the remaining portions of Mr. New's document production.  (*See* Ex. 1).  As stated in the undersigned's March 17, 2020 email, Mr. New resides in Florida and was set to travel to the undersigned's office to review the materials that were assembled to complete the document production of the materials from

paragraphs 3 and 4 of the Court's Order prior to the March 23, 2020 deadline. However, because of the significant health concerns associated with travel, Mr. New needed an extension to allow for additional time to complete Mr. New's final production. Further, the undersigned counsel stated in the March 17, 2020 email that Mr. New was hopeful to complete the production soon, but given the current situation and the uncertainty of COVID-19, it would be difficult to pin down a precise date when Mr. New would be able to travel from Florida to Indiana to review the materials and complete the production. (*See* Ex. 1).

On March 20, 2020, counsel for ASC and the undersigned agreed to extend Mr. New's production (items 3&4 from the Court's Order) to April 13, 2020 in light of the COVID-19 pandemic and Mr. New's inability to travel to complete the production. (*See* Ex. 2). Further, during the March 20th call, counsel discussed assessing Mr. New's ability to complete the production by April 13, 2020 given the uncertainty of the COVID-19 pandemic. (*See* Ex. 2).

Since that agreement, issues surrounding COVID-19 have worsened and Indiana and Florida have since issued shelter-in-place orders thereby further limiting Mr. New and Mr. New's counsel's ability to complete the document production. As of the date of filing this Motion, Indiana and Florida's shelter-in-place orders are still in effect and limit Mr. New's ability to travel to Indiana to meet with the undersigned and review the remaining materials responsive to paragraphs 3 and 4 of the Court's Order (Dkt. 247).

On April 13, 2020, ASC's counsel and the undersigned had a phone call to discuss Mr. New's ability to complete the production. During the call, ASC's counsel explained that it had an expert report deadline of May 1, 2020 and needed to have Mr. New's document production completed by April 29, 2020. The undersigned counsel explained that the issues with COVID-19 have only worsened since the last agreed upon extension and Mr. New, therefore, needed

more time to complete the production so that Mr. New could travel to Indiana, meet with counsel, and review the last of the materials to complete the production. The undersigned counsel also stated that the undersigned would endeavor to produce the materials responsive to paragraph 3 of the Court's Order, i.e., communications regarding payments, on or before April 29, 2020 as there are a limited number of communications that could potentially be reviewed over the phone or through the mail with Mr. New.[1]  However, with respect to completing the payments list, i.e., paragraph 4 of the Court's Order, more time beyond April 29th is needed as Mr. New must be able to meet with the undersigned counsel to review several hundred documents, including multiple years of check registers, as counsel's ability to finalize the list is dependent on a meeting with Mr. New to have Mr. New and counsel present to review the documents associated with the payments list to ensure counsel's interpretation of certain documents is accurate and responsive in final preparation of the list.

      Counsel for ASC disagrees and has stated that it needs Mr. New's document production completed prior to the May 1st expert report deadline and suggested a discovery conference is in order to discuss these issues. For the reasons stated above, Mr. New needs additional time beyond April 29, 2020 to complete the production in light of the COVID-19 health concerns and the inability to travel and have in-person meetings to review and discuss the final documents for production. As such, the undersigned counsel requests the Court to set a brief discovery conference with ASC's counsel and the undersigned counsel to discuss the timing of the completion of Mr. New's document production in light of the COVID-19 pandemic and the current shelter-in-place orders.

---

[1] On April 29, 2020, Mr. New produced the communications responsive to paragraph 3 of the Order.

WHEREFORE, Non-Party, Rob New, requests the Court to set a discovery conference with ASC's counsel to discuss the matters discussed above, extend the time for Mr. New to complete the document production, and for all other just and proper relief.

Dated:  April 29, 2020                                           **DELK MCNALLY LLP**

By:  */s/ Jason R. Delk*
Jason R. Delk, Atty. # 24853-18
DELK MCNALLY LLP
211 South Walnut St.
Muncie, IN 47305
delk@delkmcnally.com

Anton R. Valukas (pro hac vice)
Robert R. Stauffer (pro hac vice)
Caroline L. Meneau (pro hac vice)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
avalukas@jenner.com
rstauffer@jenner.com
cmeneau@jenner.com

**CERTIFICATE OF SERVICE**

I, Jason Delk, an attorney, certify that on April 29, 2020, I filed the foregoing using the Court's CM/ECF system, which will cause a copy to be served on all counsel of record.

By:  /s/ Jason Delk