# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JAMES BURKHART, et al., ) <br> ) <br> Defendants. ) | Case No.: 1:17-cv-3273-TWP-DML <br><br> Honorable Tanya Walton Pratt <br><br> Honorable Debra McVicker Lynch |

**PLAINTIFF AMERICAN SENIOR COMMUNITIES, L.L.C.'S RESPONSE TO NONPARTY ROB NEW'S MOTION FOR DISCOVERY CONFERENCE/REQUEST FOR EXTENSION OF TIME TO COMPLETE DOCUMENT PRODUCTION**

American Senior Communities, L.L.C. ("ASC") joins the request for a discovery conference for Rob New to comply with the January 8, 2020 Order on Motions to Quash Subpoenas and for Protective Order (Dkt. 282) and requests (1) Mr. New complete by May 22, 2020, the production that the Court ordered more than four months ago (Dkt. 247) and the parties require for their continuing fact and expert discovery deadlines (Dkt. 277); (2) ASC and Mr. New file by June 5, 2020, a joint status report on any remaining disputes; and (3) the Court provide guidance regarding the participation of pro se defendants James Burkhart and Dan Benson in upcoming oral fact discovery.

**Mr. New's Incomplete and Late Production**

1. After more than three extensions spanning more than four months since the Court's January 8 order, Mr. New has neither completed the court-ordered production nor provided basic information about the overdue production to ASC. As a long-term care provider, ASC fully understands the impact of COVID-19. During this difficult time, ASC has coordinated more than a dozen productions by both parties and nonparties (including other healthcare companies) and simply requests a deadline by which Mr. New will complete the long-overdue production.

2. On January 8, the Court ordered Mr. New to produce four categories of materials in response to the subpoena ASC issued nearly a year earlier on March 2, 2019. (Dkt. 247 at 20.) Since then, Mr. New has produced documents under categories 1 and 2, and some limited emails under category 3. But Mr. New has produced nothing under category 4, which he proposed to the Court and the Court ordered he should prepare *immediately* so that additional documents may be produced timely:

> 4. Based on his records—those reasonably accessible, including Mr. New's and his businesses' bank records that are reasonably accessible to him and do not require undue cost in obtaining them—Mr. New will produce a list of payments from himself, his family, and/or entities he has an ownership interest in, to James Burkhart, Burkhart's family, and/or entities that James Burkhart has an interest in. The list will identify the payer, payor, date, and amount. To the extent ASC finds any such payments relevant, Mr. New will produce the underlying document(s) or the relevant portion of the underlying document(s).
>
> …. Mr. New immediately should begin preparation of the list described in paragraph 4 so that additional documents under paragraph 4 that ASC reasonably identifies can be produced in a timely manner. Mr. New may produce documents on a rolling basis, and production should be complete within 30 days.

(*Id.*)

3. ASC has been more than reasonable. Even before states issued COVID-19 orders, ASC agreed to a rolling production within 30 days until February 7 and agreed to a 45-day extension with a rolling production until March 23. While COVID-19 orders have been in effect, ASC has agreed to another 21-day extension with a rolling production until April 23 and agreed to yet another 16-day extension with a rolling production until April 29. ASC and Mr. New's counsel agreed to multiple extensions to allow paper or electronic review from Florida and conferred on reasonable travel-free options.[1] (*See* Email from Brian Watson, 4/27/2020; attached

---

[1] The productions by others make clear that Mr. New uses email and other modern technology.

as Ex. 1; Email from Brian Watson, 2/7/2020, attached as Ex. 2; Email from Brian Watson, 2/6/2020, attached as Ex. 3.)

4. Beyond these extensions, acceptances of rolling productions, and provisions of reasonable alternatives, ASC requested basic information from Mr. New to understand his need for multiple extensions to complete the production. But still, Mr. New has never provided the number of search-term hits, the estimated production volume, or the number of underlying documents in response to ASC's requests. Nor has Mr. New produced any rolling information or underlying documents from category 4, which he proposed and was to prepare "immediately". (*See* Email from Brian Watson, 4/27/2020; attached as Ex. 1; Email from Brian Watson, 2/7/2020, attached as Ex. 2; Email from Brian Watson, 2/6/2020, attached as Ex. 3.)

5. Mr. New and his agents and entities have the responsive information. Indeed, without disclosing information designated confidential by Mr. Burkhart's former counsel and Barnes & Thornburg LLP,[2] ASC understands that Mr. New, Mr. Burkhart, and their counsel had already reviewed, in detail, the sizable payments made to Mr. Burkhart and his entities. ASC also understands that information was collected and produced to the Federal Government, making the review and production to ASC and the deadlines far less burdensome in this case.

6. Finally, Mr. New's information is highly relevant because it goes directly to the RICO claims, fraudulent vendor and consulting payments, illicit real estate transactions, distribution of defendants' ill-gotten gains, and ultimately ASC's damages. *See Indiana ex rel. Zoeller v. Pastrick*, 696 F. Supp. 2d 970, 990 (N.D. Ind. 2010) (joint and several liability for civil RICO and tortfeasors who act through cooperation or in concert (citations omitted)).

---

[2] Under the Stipulated Protective Order (Dkt. 68), ASC may disclose "confidential information" to non-parties only with the designating party's written consent or court order. If the Court desires, ASC will file the "confidential information" under seal.

**Guidance Regarding Depositions**

7.  ASC is prepared to take depositions and intends to complete fact discovery in compliance with the discovery deadline ordered by the Court. As the Court is aware, pro se defendants Burkhart and Benson are both incarcerated at the Federal Prison Camp in Montgomery, Alabama. ASC wishes to confer with the Court to craft an approach for depositions that will provide the defendants with a reasonable opportunity to participate but will not further delay this action from moving efficiently to trial.

**WHEREFORE**, American Senior Communities, L.L.C. joins the request for a discovery conference for Rob New to comply with the January 8, 2020 Order on Motions to Quash Subpoenas and for Protective Order and requests (1) Mr. New complete by May 22, 2020, the production that the Court ordered more than four months ago (Dkt. 247), (2) ASC and Mr. New file by June 5, 2020, a joint status report on any remaining disputes, (3) the Court confer with the parties regarding a plan for defendants' participation in depositions, and (4) and any other relief that the Court deems just and proper.

Dated: May 13, 2020                                    Respectfully submitted,

/s/ *Brian O. Watson*
Ronald S. Safer (*pro hac vice*)
Valarie Hays
Kelly M. Warner (*pro hac vice*)
Brian O. Watson
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison, Suite 2900
Chicago, IL 60602
312-471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
kwarner@rshc-law.com
bwatson@rshc-law.com
*Attorneys for American Senior Communities, L.L.C.*

## CERTIFICATE OF SERVICE

I certify that on May 13, 2020, these papers were filed using the Court's electronic filing system, which will send notice of this filing to all counsel of record, and were sent via U.S. Mail, postage prepaid, to the following addresses:

Daniel Benson
Inmate No. 15431-028
FPC Montgomery
Maxwell Air Force Base
Montgomery, AL 36112

James Burkhart
Inmate No. 15426-028
FPC Montgomery
Maxwell Air Force Base
Montgomery, AL 36112

/s/ *Brian O. Watson*