IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AMERICAN SENIOR COMMUNITIES, L.L.C., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) )  Civil Action No. 1:17-cv-3273-TWP-DML |
| BURKHART et al., | ) ) ) |
| Defendants. | ) |

**NONPARTY ROB NEW'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY CONFERENCE/REQUEST FOR EXTENSION OF TIME TO COMPLETE DOCUMENT PRODUCTION**

"The current outbreak of the coronavirus 2019 disease ("COVID-19") has spread to over 40 countries in the State of Indiana and caused multiple deaths within the State. The seriousness of this outbreak and need for special measures is evidenced by: the Centers for Disease Control and Prevention ("CDC") guidance; the President of the United States' declaration of a national emergency; and the Governor of Indiana's declaration of a disaster and entry of a "stay-at-home" Executive Order on march 23, 2020, extending through April 6, 2020. In addition, the Governor of Illinois, where counsel for ASC as well as some of ASC's expert team reside, entered an Executive Order on March 20, 2020, directing all Illinois residents to shelter in place through April 7, 2020."

The above statement was made to this Court by ASC's counsel on March 25, 2020 in support of ASC's request to extend certain deadlines associated with the Court's Case Management Plan. (*See* Dkt. 276 at p. 1). ASC's counsel's statement to the Court demonstrated the seriousness of the COVID-19 pandemic in late March 2020, which seriousness and complications still exist today. ASC's counsel's statement to the Court demonstrating the need

for an extension of case management deadlines was made eight (8) days after the undersigned wrote to ASC's counsel requesting an extension of time to complete the production of documents in response to the Subpoena directed to Mr. New due to the COVID-19 pandemic. (*See* Dkt. 282-1). As stated to ASC's counsel on March 17, 2020, Mr. New was set to travel to counsel's office to review the materials assembled as part of Mr. New's production, including the payment list and the underlying documentation (¶ 4 of the Court's Order), in order to complete the production prior to the expiration of the agreed upon time to compete Mr. New's production. (*See Id*). But, because of the COVID-19 pandemic, Mr. New was unable to travel from Florida to counsel's office to review the materials and complete the production. (*See Id*.). Because of the travel restrictions and counsel's inability to meet with Mr. New, the undersigned counsel sought and obtained an extension of time to complete the document production.

Since ASC agreed to extend the time for Mr. New to complete his production due to Mr. New's inability to travel because of the COVID-19 pandemic, nothing has changed regarding Mr. New's ability to safely travel from his state of Florida, which still has travel restrictions, to counsel's office to review the underlying materials that counsel reviewed in preparing the payments list. As stated previously, counsel has taken considerable time and effort to review all documents/materials in Mr. New's possession to prepare the payments list as the Court previously ordered. That list was complete and ready for Mr. New's review, along with the underlying documents, but COVID-19 stuck and prevented Mr. New from travelling to counsel's office to review. In order to complete the production, it is critical and absolutely necessary for Mr. New to sit down with counsel and review the underlying documents that counsel reviewed in preparing the payment list. But, because of the current and very serious health concerns with

travelling and in-person meetings, Mr. New and his counsel need additional time to make the final remaining aspect of Mr. New's production.[1]

Finally, the undersigned is certainly aware of the fact that the production needs completed and Mr. New is desirous to complete the production and stop incurring attorney's fees. ASC's counsel has requested the Court to order Mr. New to complete the production by May 22, 2020. This timeframe is simply unworkable. Mr. New needs to have sufficient time to travel to counsel's office and to do so in a safe manner, especially given the health risks involved. Thus, an extension of time is needed and counsel requests a brief teleconference to discuss with the Court and counsel a realistic timeframe and plan to complete Mr. New's non-party production.

WHEREFORE, Non-Party, Rob New, requests the Court to set a discovery conference with ASC's counsel to discuss the matters discussed above, extend the time for Mr. New to complete the document production, and for all other just and proper relief.

---

[1] An in-person meeting is required as Mr. New does not use a computer, nor personally owns a computer, and conducts business in-person or over the phone. It would be incredibly burdensome and time consuming to send the multiple binders of documents and hundreds of check registers to Mr. New to review and then try to synthesize/correlate the documents with counsel over the phone and then compare those documents to the payments list that has been prepared. An in-person meeting is the most efficient, cost-effective manner in completing the final review of materials.

Dated:  May 20, 2020                                            DELK MCNALLY LLP

                                                                By:  /s/ Jason R. Delk
                                                                Jason R. Delk, Atty. # 24853-18
                                                                DELK MCNALLY LLP
                                                                211 South Walnut St.
                                                                Muncie, IN 47305
                                                                delk@delkmcnally.com

                                                                Anton R. Valukas (pro hac vice)
                                                                Robert R. Stauffer (pro hac vice)
                                                                Caroline L. Meneau (pro hac vice)
                                                                JENNER & BLOCK LLP
                                                                353 N. Clark St.
                                                                Chicago, IL 60654
                                                                avalukas@jenner.com
                                                                rstauffer@jenner.com
                                                                cmeneau@jenner.com


## CERTIFICATE OF SERVICE

I, Jason Delk, an attorney, certify that on May 20, 2020, I filed the foregoing using the Court's CM/ECF system, which will cause a copy to be served on all counsel of record.

                                                                By:  /s/ Jason Delk