United States District Court
Southern District of Indiana
Indianapolis Division

American Senior
Communities, L.L.C.
   Plaintiff          Case No.: 1:17-cv-3273-TWP-DML

v.                 Honorable Tanya Walton Pratt

James Burkhart et. al.   Honorable Debra McVicker-Lynch
   Defendants

## DEFENDANT PRO SE JAMES BURKHART'S REQUEST AND MOTION TO THE COURT TO COMPEL AMERICAN SENIOR COMMUNITIES, L.L.C. TO FOLLOW THE COURT'S ORDER AND THE COURT'S REQUEST RELATED TO DISCOVERY MATERIAL IN THIS CIVIL MATTER

## DISCUSSION

Since August of 2020, Defendant Pro Se James Burkhart ("Burkhart") has

(1)

attempted to obtain Discovery Material from American Senior Communities, L.L.C ("ASC"). See Dkts. 315 and 321.

After Burkhart made his initial request in August 2020 for the Discovery Material via a letter to ASC, ASC refused Burkhart's request. Subsequent to ASC's refusal, ASC filed motions with the Court in their continued efforts to prevent Burkhart access to the Discovery Material.

Then, on December 23, 2020, the Court ordered ASC to provide Burkhart the Discovery Material. (See Dkt. 328.)

The Court ordered that "ASC must promptly make arrangements for the delivery of documents using an electronic medium that can be accessed by Mr. Burkhart via a computer at Montgomery FPC." (See Dkt. 328.)

Based on the Court's order, Burkhart is of the belief that ASC would have inquired of and worked with Montgomery Federal Prison Camp to understand the

(2)

capabilities of the computer to be utilized by Burkhart.

Also, based on the Court's order, Burkhart is of the belief that he should be able to access and open each and every document on the Master Production Drive provided by ASC to Burkhart as required by the Court's order. Burkhart can not.

Burkhart has kept ASC informed of the challenges and struggles he has had with the ASC Master Production Drive via letters. Copies of these letters are attached as Exhibits to Court filings made by Burkhart. (See Dkts. 343 and 348.)

These letters to ASC (see Exhibits to Dkts. 343 and 348) also inform ASC that Burkhart can not open certain files due to their size. Burkhart has listed twelve (12) files in his letter to ASC; and there may be more files that Burkhart is unable to open or "unzip" due to the

(3)

size of the file.

Now on May 6, 2021, Burkhart received a letter from ASC which was dated April 30, 2021. (See Exhibit A.)

In this letter, ASC clearly states its position concerning Burkhart's challenges and struggles related to Burkhart's attempts to access and open documents on ASC's Master Production Drive as well as Burkhart's inability to open or "unzip" files due to their size.

First, concerning Burkhart's inability to open or "unzip" files on the ASC Master Production Drive due to their size, ASC states ".... ASC has no obligation to undertake this additional effort..." in its April 30, 2021 letter to Burkhart. (See Exhibit A.)

ASC's position and statement contradicts the Court's instruction to ASC on the April 12, 2021 Status Conference. The Court, in this Status Conference, instructed

(4)

ASC to make certain that all files on the ASC Master Production Drive could be opened or "unzipped" by Burkhart in ten (10) minutes or less.

ASC continues in its letter to say that they are willing to go ahead and address the issue with Production 008 to allow Burkhart to "unzip" this folder. ASC neglects however, to address other folders which Burkhart can not open or "unzip" and of which ASC is aware. (See letters attached as Exhibits to Dkt. 343 and 348.) These folders are also subject to the Court's instruction to ASC on the April 10, 2021 status conference, which ASC ignores.

Second, concerning Burkhart's inability to access or open documents that are Microsoft Word, Excel, etc. that are on the ASC Master Production Drive.

Burkhart has inquired twice, in early March 2021 and late April 2021,

(5)

if Montgomery Federal Prison Camp would "load" Word and Excel on the computer they provide to inmates to review legal documents. The answer has been no. It is policy.

ASC should have inquired about what is "loaded" on the Montgomery Federal Prison Camp computer that will be utilized by Burkhart to review documents during their discussions with Montgomery Federal Camp in October 2020 and January 2021.

Now ASC has finally addressed the issue of Burkhart's inability to access or open Word, Excel, etc. documents on the ASC Master Production Drive.

ASC has discovered that some, but not all, of these documents can be converted into searchable PDF's. However, ASC refuses to do so.

ASC states in its April 30, 2021 letter (See Exhibit A) that "ASC has no obligation to undertake this

(6)

significant burden and cost and is not willing to do so."

Burkhart disagrees. ASC has the obligation to provide the Discovery material documents to Burkhart so Burkhart is able access and open their documents consistent with the court's order. (See Dkt. 338).

ASC states in its April 30, 2021 letter (Exhibit A) that the cost to convert Discovery material documents that Burkhart can not access is $12,000 - $24,000 and that this is a significant cost to ASC. This statement has little to no merit.

ASC, per its filing of The Expert Report on Damages By Michele M. Riley dated May 5, 2020 documents that ASC incurred over four million dollars ($4,000,000 00/100) or investigation costs and lists this amount as damages to ASC. And this amount was over a year ago. Burkhart assumes ASC's

(7)

cost has grown and will continue to grow based on ASC taking twenty (20) depositions, trial preparation, etc.

For ASC to make the statement that "ASC has no obligation to undertake this significant burden and cost....." related to Discovery material documents and to say that $12,000 - $24,000 is a significant cost when ASC has already spent millions of dollars in investigation and litigation related to this Civil matter is untenable by the facts.

## CONCLUSION

Burkhart is requesting the Court to compel American Senior Communities, L.L.C. to follow the Court's order (Dkt. 328) as well as the Court's directive from the April 12, 2022 Status Conference related to the Discovery material in this Civil matter.

(8)

American Senior Communities, L.L.C.'s statement in its April 30, 2021 letter (Exhibit A) that it has "no obligation" is not correct and is contrary to the Court's order (Dkt. 388) as well as the Court's directive from the April 12, 2021 status conference.

Burkhart, over the past nine (9) months, has stated in multiple filings with the Court that having access to the Discovery material and being able to review all the Discovery material is crucial to his defense and in preparing his defense in this civil matter.

Dated: May 9, 2021

Respectfully submitted,

_____
James Burkhart
15426-028
Montgomery FPC
Maxwell Air Force Base
Montgomery, AL 36112

(9)

## CERTIFICATE OF SERVICE

Defendant Pro Se James Burkhart, who is incarcerated at Montgomery Federal Prison Camp, humbly asks the Clerk of the United States District Court, the Southern District of Indiana, to assist Defendant Pro Se James Burkhart in perfecting service of this filing.